[No. 470.   Decided January 31, 1893.]

## W. D. LYTS, *Appellant*, v. MONROE KEEVEY, *Respondent*.

PROMISSORY NOTE — ILLEGAL CONSIDERATION — PLEADING — TRIAL — EXCLUSION OF TESTIMONY — INSTRUCTIONS — EVIDENCE — FALSUS IN UNO.

Proof of an illegal consideration for a promissory note cannot be made under an allegation of no consideration, but the facts showing illegality must be pleaded.

An error in the admission of testimony will be cured by an instruction withdrawing it from the consideration of the jury.

Although the ground upon which the trial court has excluded testimony may have been an improper one, yet if any good reason exists for its exclusion, the action of the court will be sustained.

An instruction to the jury that, "if you should be satisfied that any witness has knowingly testified falsely in any material matter in this cause, you have a right to reject the whole of the testimony of such witness, unless on any point such testimony was corroborated by other unimpeached testimony," is not erroneous, although not aptly expressed on the subject of corroboration.

*Appeal from Superior Court, King County.*

*Stratton, Lewis & Gilman*, for appellant.

*W. R. Andrews*, for respondent.

The opinion of the court was delivered by

Scott, J.—The appellant brought an action against the respondent to recover the balance due upon an account

amounting to $289. The respondent denied the account, and pleaded several causes of action by way of a counter claim, one being for the amount due on a certain alleged promissory note for $500 executed by the appellant to respondent. A trial was had which resulted in a verdict for the defendant in the sum of $605.82.

Appellant alleges three grounds of error. Certain testimony was admitted upon the trial against the objections of the plaintiff, and this testimony was subsequently excluded from the consideration of the jury in an instruction which the court gave at the plaintiff's request. Notwithstanding this instruction, appellant claims that this evidence prejudiced the jury, and that by reason thereof he did not get a fair trial, and that the verdict should have been set aside. The testimony complained of was in reference to rents for certain lands which the defendant had conveyed to the plaintiff some time previously. The defendant claimed that he had conveyed these lands to the plaintiff in order to prevent their being seized by his creditors. That he did this upon the advice and at the request of the plaintiff, and he sought to recover of him for the use and occupation of this land after it had been so conveyed.

When the cause was submitted to the jury, the court properly instructed them that the defendant was not entitled to recover from the plaintiff anything for the use and occupation of this land while the plaintiff held the same under and by virtue of the deed which the defendant had given him. We are not disposed to adopt the rule that evidence improperly admitted cannot be counteracted in the subsequent course of the trial, and that the same should entitle the objecting party to a new trial in all cases. Evidently the plaintiff thought an instruction directing the jury to disregard this testimony would prevent its having any prejudicial effect, or he would not have asked it, but would have relied upon his objection and exception. But he saw

fit to ask for the instruction, and the court, being then sat-
isfied that the testimony had been wrongfully admitted,
gave it, and we think the plaintiff should be bound by the
course he adopted, there being nothing to indicate that it
did influence the jury in finding a verdict against him on
the other causes.    It was in relation to a cause of action
distinct in itself, which was entirely withdrawn from the
consideration of the jury by the instruction.    If, during the
trial, the defendant who introduced the testimony had asked
to have it excluded, a different case would have been pre-
sented, and the plaintiff would have been in a position to
ask a suspension and setting aside of the trial and the call-
ing of another jury for a re-trial, if he thought the present
jury was disqualified to try the case in consequence of such
testimony, or possibly it would have been ground for setting
aside a verdict against him had he continued.    But gener-
ally a party should ask for relief at the first opportunity.
Many authorities hold that an error in the admission of tes-
timony will be cured by an instruction withdrawing it from
the case.    2 Thompson on Trials, § 2415; *Smith v. Whit-
man*, 6 Allen, 562; *Anthony v. Travis*, 148 Mass. 53 (19
N. E. Rep. 8); *Shepard v. Chicago, etc., Ry. Co.*, 77 Iowa,
54 (41 N. W. Rep. 564); *United States v. Kuntze* (Idaho),
21 Pac. Rep. 407; *Durant v. Lexington Coal Min. Co.*, 97
Mo. 62 (10 S. W. Rep. 484).

The next ground of error claimed is with reference to
the note upon which the defendant sought to recover from
the plaintiff.    The plaintiff in his reply admitted the exe-
cution of the note, but alleged that for the making and de-
livery of the same there was no consideration.    At the
trial he testified in substance that long prior to the making
of the note his wife had deserted him without cause, and con-
tinued to live apart from him.    That the defendant some-
times visited her at improper hours and under circumstances
justifying a belief upon his part of improper relations be-

tween them while she was living apart from him. That
the defendant had told him that he knew why his wife had
left him, and that it was on his, the defendant's, account,
and that he could persuade her to return to the plaintiff,
and that nobody else could do so, and that if plaintiff would
give him money to get out of the country with he would
go away and induce plaintiff's wife to return; and that in
consideration of said promise on the part of defendant,
and for no other consideration, he executed and delivered
to him said note.    Whereupon he was asked by his attor-
ney whether he supposed the relations of Mrs. Lyts and
Mr. Keevey were criminal, and whether he had reason so
to suppose.    This was objected to by the defendant as im-
material; the objection was sustained, and the plaintiff ex-
cepted.

Appellant contends that the question was proper and
material, on the ground that if such relations did exist, and
the note was given to induce the defendant to forego the
same, that it would have been given for a consideration
which the law would not recognize, and that the defendant
could not recover thereon.    The respondent contends that
the testimony sought was inadmissible under the pleadings;
that the plaintiff had alleged a want of consideration, while
he undertook by this testimony to show an illegal consid-
eration, which is not permissible.    In support of the propo-
sition that an illegal consideration cannot be shown under
an allegation of no consideration, and that it is necessary
to allege the facts, see Bliss on Code Pleading, § 330;
*Gushee v. Leavitt*, 5 Cal. 160; *Finley v. Quirk*, 9 Minn.
194.

This position seems to be well taken, and while this ob-
jection was not properly raised at the trial — the objection
there being that it was immaterial only, yet, under the rule
that the action of the court will generally be sustained
where any good reason therefor exists, although it may

not have been the one which moved the court to act,.and although the one relied upon by the court may have been insufficient, we think the objection is available here in this instance, and that the ruling excluding the testimony should be sustained.

Of course, the question as it stood was otherwise objectionable, except as preliminary to other proof showing what his reasons were for so believing. If admissible at all, it was necessary to show the facts so that the jury might draw conclusions therefrom, and not from the belief or suppositions of the witness. The record does not show that the question was supplemented by any offer of further proof in this respect. All of the testimony in relation to the consideration for which the note was given is not before us, the record being properly limited to enough of it to present the point raised. The consideration, while a novel one, was not necessarily unlawful; the jury may not have believed the statement of the plaintiff that the defendant visited Mrs. Lyts at improper hours, and may not have found that he held any improper relations with her, and if so the consideration shown by the testimony was otherwise lawful and would support an action upon the note. No question was raised as to its performance by the defendant.

Among other instructions bearing upon this subject, the court gave the following, which sufficiently presented the issue:

"The jury are instructed that, if the note set up in the defendant's counter claim was given by the plaintiff in consideration of the defendant's promise to persuade Mrs. Lyts to return to her husband, that he, Keevey, would go away and that only — go away out of the territory, and that only, then there was a good consideration therefor, and your verdict, so far as the note is concerned, should be for defendant. But if the jury should further believe from the testimony in this case that the defendant was responsible for the separation of plaintiff's wife from him,

and was, by influence or otherwise, keeping his, plaintiff's, wife, from returning to the plaintiff, and that plaintiff believed that to be a fact, and that the main and principal consideration to the plaintiff was, in fact, that defendant should desist from his attention to the wife of plaintiff, and that the promise to persuade plaintiff's wife to return to her husband and defendant would leave the country was collateral, or a part of the main consideration of desisting from further attention to, or improper relation with, the plaintiff's wife, then, in such case, if you so believe from the evidence, the defendant cannot recover on the note in evidence against the plaintiff.''

The other instructions thereon were more favorable to the plaintiff.

The third ground of error complained of is with reference to an instruction which the court gave the jury relating to the rule to be observed by them in the consideration of the testimony of witnesses. Said instruction was as follows:

''You are the exclusive judges of the weight of the testimony and the credibility of witnesses. You are to determine what weight you will give to the testimony of any witness, and you will be slow to reject the testimony of any witness; and be careful, and if you can reconcile any statement and all the testimony, or any of the testimony of any witness with the facts, and with the probable motives, it will be your duty to do so; but if you should be satisfied that any witness has knowingly testified falsely in any material matter in this cause, you have a right to reject the whole of the testimony of such witness, unless, on any point, such testimony was corroborated by other unimpeached testimony.''

Appellant insists that this testimony was erroneous: (1) As an instruction upon the value of the testimony; and (2) in the statement that if the testimony of the witness be found false in any material matter it might be rejected, unless corroborated by other unimpeached testimony. (3) The instruction assumes that there are repugnant state-

ments in the testimony which the jury must reconcile if they can. As to the first point, we see no ground for any claim that the instruction had any improper bearing upon the weight or value of the testimony, and the last point is untenable, for the record shows that the testimony was contradictory.

The second objection presents some difficulty, as it involves a point upon which the authorities are conflicting. We would not desire to sanction the instruction as an appropriate one in all cases, for such a witness might be corroborated by facts in the cause made to appear otherwise than by "testimony," as it is popularly understood, viz.: The statements of witnesses under oath. "Unless corroborated by other credible evidence or by the facts and circumstances proved," would generally be a better qualification. It is not claimed, however, in this case that any facts and circumstances were made to appear in any other way than by the testimony of the witnesses. While the instruction may not have been couched in the most apt language, we think the objections urged against it are not well founded, and that there was no substantial error. *State v. Ormiston*, 66 Iowa, 143–152 (23 N. W. Rep. 370); *Haymond v. Saucer*, 84 Ind. 3–12; *Harper v. State*, 101 Ind. 109–113; 2 Thompson on Trials, §§ 2418, 2420, 2426; *Crabtree v. Hagenbaugh*, 25 Ill. 233–240.

Judgment affirmed.

DUNBAR, C. J., and STILES and ANDERS, JJ., concur.

HOYT, J., dissents.