GEORGE M. HOWELL v. STATE OF NEBRASKA.

FILED FEBRUARY 20, 1901.   No. 11,714.

1. Instruction: BURDEN OF PROOF.  An instruction, in criminal prosecution, which casts the burden on a defendant to prove the defense interposed by a preponderance of the evidence, or beyond a reasonable doubt, is erroneous.

2. Contradictory Instructions.  The giving of an instruction incorrectly stating the law is not cured by another instruction on the same subject which is correct, the inconsistent instructions being confusing and leaving the jury in doubt as to which is correct, and it being impossible to know which in fact was accepted by them in their consideration and application of the evidence in the case.

3. **Instruction:** PROVINCE OF JURY. An instruction regarding the testimony of witnesses which invades the province of the jury and deprives them of the right to judge of the weight and credibility to be attached to the testimony of such witnesses is erroneous.

ERROR from the district court for Nemaha county. Tried below before STULL, J. *Reversed.*

*George W. Cornell,* for plaintiff in error.

*Frank N. Prout, Attorney General,* and *Norris Brown, Deputy, contra.*

HOLCOMB, J.

In the present case the defendant, plaintiff in error, was informed against under two counts, the first, for shooting with intent to kill, and the second, with intent to wound, and upon trial was convicted of the offense charged in the second count of the information, and sentenced to imprisonment in the penitentiary for a period of one year. As presented, the assignments of error, upon which reversal of the judgment of the trial court is sought, are based upon a transcript of the record unaccompanied by a bill of exceptions containing the evidence in the case. From the record before us it appears that the act of shooting, which is made the basis of the charge, was defended on the theory that at the time of the occurrence the defendant was intoxicated to such a degree as to prevent him from forming the criminal intent necessary to constitute the offense charged. Upon this phase of the case the court gave several instructions, which were excepted to, and are now urged as error, calling for a reversal of the judgment. A consideration of the instructions given and excepted to leads us to the conclusion that errors were committed, for which the judgment must be reversed and the cause remanded for further proceedings.

Instruction No. 2, given on the court's own motion, is

as follows: "If, from the evidence in this cause, you are satisfied beyond a reasonable doubt that the defendant, at the time and place, manner and form, set forth in the information, assaulted said Lorenzo Hill and shot at him as set forth in the information, then and in that event the burden will rest upon the defendant to satisfy you by the evidence that he was so under the influence of liquor at the time that he was mentally unable to form an intent in his mind to either kill, murder or wound said Lorenzo Hill. You are to determine this matter from all the evidence in the case. Drunkenness in itself is no defense, unless the drunkenness is of such a character that it dethrones the reason or understanding to such an extent that he [accused] is unable to discriminate between right and wrong, or unable to form an intent in his mind to commit a crime." By this instruction the jury were told that, in case they found beyond a reasonable doubt that the assault was committed as charged in the information, it was incumbent on the defendant to satisfy them by the evidence that he was so under the influence of liquor at the time that he was mentally unable to form an intent in his mind, either to kill or to wound the person upon whom the assault was alleged to have been committed. It cast the burden upon the defendant to satisfy them of this fact by a preponderance of the evidence, or beyond a reasonable doubt. This is contrary to the rule as frequently announced in this court, and is prejudicial to the rights of the defendant. A correct instruction at the request of the state was given substantially as in the case of *Ford v. State*, 46 Nebr., 390, which, though not unreservedly approved by this court, was held to be not prejudicially erroneous. But, as has been frequently said, the giving of an instruction incorrectly stating the law is not cured by another instruction on the same subject which is correct, for the reason that such instructions are confusing to the jury and leave them in doubt and uncertainty as to which of the conflicting instructions is right and should be followed. It is impos-

sible to know which of the inconsistent instructions is, in fact, accepted by them in their consideration and application of the evidence in the case. *Barr v. State*, 45 Nebr., 458; *Bergeron v. State*, 53 Nebr., 752; *Metz v. State*, 46 Nebr., 547; *Sweenie v. State*, 59 Nebr., 269. Had the jury been advised in the instruction quoted that the evidence as to intoxication must be sufficient to show a want of mental capacity by reason of intoxication to form the intent to commit the act of which he is charged, or to raise a reasonable doubt as to such intent, the instruction would perhaps not be open to the objection which is now urged against it. It will, however, as stated, admit of no other construction than that the burden was on the defendant to prove by a preponderance of the evidence, or beyond a reasonable doubt, the fact constituting the defense interposed. It devolved upon him by the instruction to establish his defense by at least the greater weight of the evidence. This, under the uniform holdings of this court, is an incorrect statement of the rule, and casts a burden upon the defendant which he is not, under the law, required to assume. The state is required to prove every material allegation beyond a reasonable doubt, and if, upon a consideration of all the evidence, the jury entertain a reasonable doubt as to any material fact essential to constitute the crime charged, it is their duty to acquit. Under no possible theory of the case, or of any evidence to be considered by the jury, is the instruction warranted, and for that reason the giving of it is prejudicial error.

Another instruction was given, applying the rule of law in which is included the maxim, *Falsus in uno, falsus in omnibus*, and which correctly stated the rule as sanctioned by the prior utterances of this court. After stating the rule, the jury were told that "this instruction should be kept in your minds in considering the evidence of each and every witness that has testified in the case"; and after reciting the different instances in which the rule should be applied, it is, among other things, said.

"or for instance if a witness is placed upon the stand and he is asked if he is acquainted with the general reputation in the community in which a person lives as to the general reputation of the person as to being a good, peaceable, law abiding citizen, and the witness answers the question in the affirmative, and at the same time if you find the witness knows that his statement is not true or for instance, if he knows the person inquired of has the reputation of being a drunkard or frequently becoming drunk or intoxicated, then you should apply to any such witness, if he so testifies, instruction five." And at the close of the instruction, "By our statute drunkenness is made an offense, and no man who is a common drunkard is a good, law abiding citizen." The effect of the instruction, in its entirety, was to direct the attention of the jury to witnesses who had testified to the reputation of the accused as being a peaceable and law-abiding citizen, and advised them that if a witness testified that his reputation was good, when in fact he had the reputation of being a drunkard or becoming frequently intoxicated, the rule should be applied to the testimony of such witness and his testimony disregarded, unless corroborated by other credible testimony. It was disparaging in its character, and suggested to the jury that in the mind of the trial court a witness who had so testified was unworthy of belief. It invaded the province of the jury, and deprived them of the right to judge of the credibility and weight to be given to the evidence of the several witnesses who had testified in the case. The object of such testimony was doubtless to show that the reputation of the accused was that of a peaceably disposed citizen, while the instruction made the question of reputation as to sobriety the test by which his character was to be determined. This was a false issue, and calculated to mislead the jury. While intoxication doubtless affects one's reputation as to being a law-abiding citizen, yet even if a witness were mistaken regarding the question of reputation, his testimony could

not for that reason be entirely discredited by the court. The testimony of such witness was entitled to consideration, unless it be found to have been willfully false, and in that event it was for the jury to say what weight should be attached to it or whether any, unless corroborated by other credible testimony.

Other errors are assigned which, without thorough examination, appear to us to be without merit. Those already discussed making it necessary to have a retrial, the others will not be further considered.

The judgment must be reversed and a new trial directed.

REVERSED AND REMANDED.