[No. 7964.   Department Two.   September 25, 1909.]

GUS CONRAD, *Appellant*, v. JOHN W. GRAHAM & COMPANY, *Respondent.*[1]

EXPLOSIVES—CONTRIBUTORY NEGLIGENCE — INTOXICATION OF VENDEE —INSTRUCTIONS.  Upon the defense of contributory negligence, in an action for injuries caused by the explosion of a dangerous chemical sold by the defendant, and where there was evidence that the plaintiff had been drinking prior to the accident, it is proper to instruct that the plaintiff could not recover if the jury find that he was intoxicated and thereby prevented from using his senses and knowledge and that in consequence he was injured, when he would not have been if sober or in the exercise of reasonable care.

SAME—SALE OF EXPLOSIVES—NOTICE.  In an action for personal injuries caused by the explosion of a chemical sold by defendant to plaintiff, notice to plaintiff's messenger, to whom the same was delivered, that the chemical was of a more dangerous kind than the one ordered, is notice to the plaintiff.

SAME — CONTRIBUTORY NEGLIGENCE — NOTICE — WARNING.  Where plaintiff was experienced in the use of flashlights and knew that only magnesium could be used in a magazine lamp, defendant is not liable for injuries caused by an explosion of another kind of chemical, sold to plaintiff, and which he attempted to use in his lamp, if defendant gave plaintiff's messenger notice that the chemical was more

[1]Reported in 103 Pac. 1122.

41—54 WASH.

dangerous than magnesium, and plaintiff, by the exercise of reasonable care, would have seen and read cautions on the package against the use of such chemical in a magazine lamp.

TRIAL—INSTRUCTIONS. It is not error to refuse requested instructions covered in the general charge.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered December 12, 1907, upon the verdict of a jury rendered in favor of the defendant, dismissing an action for personal injuries. Affirmed.

*Robertson & Rosenhaupt* and *John B. Hart,* for appellant.
*Post, Avery & Higgins,* for respondent.

MOUNT, J.—The appellant was injured on December 31, 1903, by the explosion of a magazine lamp which he was at that time attempting to use for the purpose of making flashlight photographs. He alleged in his complaint, that on the afternoon of that day he sent a messenger to the respondent's store to purchase a particular kind of flashlight chemical, and that there might be no mistake as to the character of the chemical, he wrote a description thereof on a card as follows: "Magnesium metal for Rex magazine lamp," which card was handed to respondent's clerk; that the respondent sold and sent to appellant another kind of chemical which was much more dangerous than the kind ordered, and that appellant or his agent was not informed of that fact; that by reason thereof appellant was severely injured.

The respondent, by its answer, denied that it furnished flashlight chemicals of any kind to the appellant, or any one for him, and alleged that appellant's injury was caused by his own negligence, and that he assumed all risk of using the chemicals which caused his injury. The case was tried to a jury, and a verdict was returned in favor of the respondent, and a judgment of dismissal followed. The appellant alleges that the court erred in instructing the jury as follows:

"Or if you find that the plaintiff while handling such chemicals was under the influence of intoxicants or was thereby

prevented from using his senses and knowledge, that he was injured in consequence, and that he had such knowledge of such chemicals that if he had been sober and had exercised reasonable care he would not have handled the chemicals as he did and would not have been injured, the plaintiff could not recover."

It is argued that this instruction was error because there was not sufficient evidence to warrant an instruction upon the question of intoxication of the appellant, and, also, that the instruction emphasized the question of intoxication, and was not a true statement of the law. We think the instruction is not subject to these criticisms. There was evidence that the appellant had been drinking prior to the time of the accident. One of the defenses was that the appellant was himself negligent. It seems too plain for argument that if the jury found that the appellant was under the influence of intoxicants and in consequence thereof was injured, and if the jury found that had appellant been sober and used reasonable care he would not have handled the chemicals as he did and would not have been injured, he could not recover even if the respondent was negligent, and this is in substance what the jury were told. It may be that the mere fact of drunkenness was not sufficient to show contributory negligence. The court did not say to the jury it was, but said that if in *consequence thereof* the appellant was prevented from using his senses and was injured on that account he could not recover. This was without doubt a correct statement of the law. This is not in conflict with the rule in *Lawson v. Seattle & Renton R. Co.*, 34 Wash. 500, 76 Pac. 71. The instruction was not erroneous.

It is next claimed that the court erred in instructing the jury to the effect that, if they found that notice was given to the messenger sent by the respondent to purchase the chemical that such chemical furnished was not magnesium but another more dangerous chemical but would answer as well, such notice was notice to the appellant. It is argued that this instruction presupposes that notice was given to the

messenger that the article furnished was not the article or-
dered. We need not consider whether this instruction does
presuppose such fact, because the fact was not a disputed
one. It was assumed from the beginning of the case that the
chemical furnished to Mr. Jauslan, who acted as messenger
for the appellant, was not the article ordered, and Mr. Jaus-
lan understood that fact and was told, "This will do the
work." The case was tried upon the theory that Mr. Jauslan
was informed that the article he purchased was not the ar-
ticle he ordered. We think there can be no doubt that notice
to Mr. Jauslan was notice to the appellant that the chemical
delivered was not the chemical ordered. *Fowler v. Randall*,
99 Mo. 407, 73 S. W. 931, 17 Am. St. 580, and cases there
cited.

It is next claimed that the court erred in instructing the
jury,

"If you find that notice was given to Jauslan as I have
already instructed you, and you further find that the chemical
delivered to Jauslan was labeled cautioning that it be not
used in a magazine lamp, and that the plaintiff saw and read,
or if he had exercised reasonable care would have seen and
read such caution, and notwithstanding such caution plaintiff
nevertheless did use such chemical in a magazine lamp, and
was injured in consequence thereof, he cannot recover from
the defendant, and your verdict would be for defendant."

It is admitted that the appellant was an experienced man
in photography with flashlight chemicals, and he knew that
only magnesium could be used in a magazine lamp such as
he was using, and he also knew that such packages were
usually labeled. Under these circumstances the instruction
was clearly right. It did not assume any disputed fact and
was not a comment thereon, and was certainly within the
issues of the case.

It is argued that the court erred in refusing to give several
instructions requested by the appellant. The record shows
that the substance of all these instructions was given, and
that is all that is required. Several errors are based on the

ruling of the court on the question of evidence during the trial. There is no merit in any of these assignments; they are not of sufficient importance to justify extended consideration. The trial of the case seems free from error, and upon a consideration of the whole case, we think the verdict of the jury was right. The judgment is therefore affirmed.

Rudkin, C. J., Dunbar, Crow, and Parker, JJ., concur.