[No. 10925.  Department Two.  March 19, 1913.]

A. L. PEARSON, *Appellant*, v. WILLAPA CONSTRUCTION
COMPANY, *Respondent*.[1]

MUNICIPAL CORPORATIONS—STREETS—NEGLIGENCE IN GRADING—LIA-
BILITY OF CONTRACTOR—EVIDENCE—SUFFICIENCY.  In an action by a
pedestrian against a contractor doing street grading work, for in-
juries sustained when crossing a cable used in hauling dirt, a non-
suit is properly granted, where it appears that the plaintiff stood
near the cable watching the work for about five minutes, and made
no inquiry of an employee nearby, but stepped across and into the
bight of the cable while it was lying idle on the ground, without
giving any intimation of his intention to cross, there being nothing
to show that defendant had any knowledge or intimation of plain-
tiff's danger or intention to cross (FULLERTON, J., dissenting).

APPEAL—REVIEW—HARMLESS ERROR.  The granting of a nonsuit
upon erroneous grounds will be sustained if the decision was cor-
rect upon any ground.

Appeal from a judgment of the superior court for Pacific
county, Sol Smith, J., entered May 21, 1912, dismissing an
action for personal injuries sustained by a pedestrian in
passing street grading work, on granting a nonsuit.  Af-
firmed.

*Chas. E. Miller*, for appellant.

*Welsh & Welsh*, for respondent.

MORRIS, J.—In November, 1911, the city of Raymond was
opening up and grading a new street, known as Henkle street.
This street was situate in an outlying district of the city and
in a hilly and wooded section.  The work was being done by
respondent under contract.  In doing the grading, respond-
ent was using two donkey engines and a scraper, taking the
dirt from the hilly part of the street and dumping it into the
low places.  These engines were about 600 feet apart.  One
hauled the scraper loaded with dirt down the hill, and the
other hauled it back, a wire cable being used as a connec-

[1]Reported in 130 Pac. 903.

tion. Appellant, on the day of his injury, followed a trail up the hill, until he came to the place where the work was being done and where he desired to cross. He saw one of·the donkey engines on his right, and the scraper and cable moving to the left, until the scraper went out of sight around a bluff. He stopped and watched the operations for about five minutes, during which time the cable ceased moving. He saw a man, evidently an employee of respondent, standing about 100 feet to his left, but made no inquiries nor received any information. When the cable stopped, it lay in the loose dirt, with a slight bend or curve convexing toward appellant. He then started to cross, and as he stepped over the cable and had taken a step or two beyond, it started up, and in drawing taut, whipped up against his legs and caused the injuries complained of. This appeal is taken from the granting of a nonsuit.

In presenting his appeal, counsel for appellant contends that his case falls within the rule first established in *Davies v. Mann,* 10 Mees. & Wels. 546, and since followed by many English and American cases, to the effect that, when a plaintiff by his own negligence has placed himself in a dangerous position where injury is likely to result, the defendant with knowledge of the plaintiff's danger is bound to use reasonable care to avoid injuring plaintiff; and where, by the exercise of such care, defendant could avoid the injury but fails to do so, the defendant's negligence becomes the proximate cause of the injury and renders him liable. This is but another statement of the rule lately announced by us in *Nicol v. Oregon-Washington R. & Nav. Co.,* 71 Wash. 409, 128 Pac. 628, and *O'Brien v. Washington Water Power Co.,* 71 Wash. 688, 129 Pac. 391.

But we can see no reason for its application here, for three reasons: (1) Appellant was not in a dangerous situation until he stepped over the cable; (2) there is nothing to show that respondent knew, or should have known, that appellant was about to step over the cable; (3) there is noth-

ing to show that respondent knew, or had received any intimation, that appellant was in a dangerous position with regard to the cable when the cable was started. Hence, the basis upon which that contention rests—one person negligently exposing himself to danger, the other with knowledge of such fact omitting due care for the purpose of avoiding injury—is here lacking. Appellant could plainly see what was going on; the scraper and moving cable were plainly indicative of their use; and with these facts clearly before him, he chooses his own time to act, with no intimation or knowledge on the part of respondent that he was about to so act.

Appellant says the court below refused to grant the motion upon the ground of contributory negligence, holding that was a matter of defense; but based the ruling upon the ground that there was no evidence that respondent saw the appellant, or that it knew he was about to cross the street at that time and point, and further that it was not the duty of respondent to post notices in the daytime, nor to tell travelers not to cross. We are not so much concerned with the reasons for the lower court's ruling as we are with its correctness. No liability was established against respondent, and the lower court was right in so holding, whatever its reasons might have been.

Judgment affirmed.

CROW, C. J., ELLIS, and MAIN, JJ., concur.

FULLERTON, J. (dissenting)—I dissent. The trail which the appellant followed was one pointed out to him as the proper way by which to reach the place where he intended to go. It was one commonly used by all of the people of the neighborhood. It was not closed by barriers at the point it entered the street which was being graded, nor was there notices of any sort indicating that its use was discontinued. The cable which caused the appellant's injury was moving along the surface of the ground in one position when the

appellant first observed it, and there was nothing to indicate that it might not safely be crossed even though moving. He was not warned by the employee of the respondent whom he saw standing near that there was danger in crossing it, nor was he told by such person that the way he was pursuing was not still open for travel. As he stepped over the cable it was moved in an opposite direction from that in which it was being moved when he first observed it, and it was this change in movement that caused the cable to change its position on the ground. There is nothing in the record to show that the appellant was aware that the cable made these changes, and it is too much to say that he ought to have observed them. I think, therefore, that there was a liability established against the respondent, and that the question whether or not the appellant was guilty of contributory negligence was for the jury.