[No. 20157.  Department Two.  December 31, 1926.]

JOSEPH TIERNEY, *Respondent*, v. I. L. RIGGS *et al.*,
*Appellants.*[1]

[1] MUNICIPAL CORPORATIONS (383)—USE OF STREETS—COLLISION
WITH PARKED AUTOMOBILES—CONTRIBUTORY NEGLIGENCE.  One
who, in the night time, collides with a car parked on the side
of the road without any red lights in violation of an ordinance,
is not guilty of contributory negligence through failure to
"drive within the radius of his lights," where his speed was
reasonable and he drove in a reasonably prudent manner.

Appeal from a judgment of the superior court for
King county, Griffiths, J., entered June 26, 1926, upon
findings in favor of the plaintiff in an action for
damages sustained in a collision with a parked auto-
mobile.  Affirmed.

*Howe & Graham,* for appellants.

*S. A. Keenan,* for respondent.

MACKINTOSH, J.—At 7:00 o'clock on a dark December
night, the appellant parked his unlighted automobile
on the north side of Madison street in the city of
Seattle, in violation of a city ordinance, and left it
there until 8:00 o'clock the following morning.  Some
time between midnight and 1:00 o'clock, the plaintiff,
driving his automobile westerly on Madison street,
which at that point slopes sharply to the west, ran into
the appellant's automobile.  This action, prosecuted
for the purpose of recovering the resulting damages,
was tried to the court without a jury, and a judgment
was entered in favor of the respondent.

Appellant's appeal is predicated upon the contention
that the respondent was guilty of contributory negli-
gence, which defeats his right of recovery.  The ap-

[1]Reported in 252 Pac. 163.

pellant's negligence is self-evident. He parked his car in a place where, by ordinance, he was forbidden to park it; he left it without lights, and although no ordinance was introduced making it unlawful to park unlighted cars, yet his act, in the absence of such an ordinance, was negligence, as his automobile constituted an obstruction in the street; and to leave such an obstruction, unlighted, on a much frequented street and at a place where, from the evidence, it appears that the surroundings were particularly dark by reason of shade trees, was unquestionably not the act of a reasonably prudent man.

[1] The only question, therefore, is whether the respondent himself was guilty of contributory negligence. The testimony shows that respondent's car was properly equipped with lights and brakes, that he was driving it down Madison street, from the east, at a reasonable rate of speed; that, as he neared the appellant's car, there was approaching a car from the west and, in order to give that car proper passage way, he shifted from his position in the street towards the right, which resulted in the collision. The theory upon which appellant predicates his claim of contributory negligence is that the respondent should have been driving his car within the radius of his lights and that failure to do so constituted negligence. But that doctrine has been recently and finally repudiated by this court in the case of *Morehouse v. Everett, ante*, p. 399, 252 Pac. 157, and in that opinion prior decisions of this court, upon which appellant relies, were referred to and explained.

In the *Morehouse* case, we call attention to the fact that one driving a car at night is warranted in assuming that the road ahead of him is safe for travel, unless the dangers there are indicated by red lights,

and that the absence of warning given by red lights amounts to an implied invitation to travel the road in the usual manner; that to restrict a driver's right by the "drive within the radius of your lights" rule would be to encourage the placing of unlighted obstructions in the streets, and the court finally, as already said, repudiated that doctrine.

The respondent's speed being reasonable, and his handling of his car being such as a reasonably prudent man would indulge in, the fact that, on a down grade, his lights did not reveal the obstruction left in the street by the appellant, did not make him guilty of contributory negligence in failing to see that object in time to avoid it.

The proximate occasion of the injury to the respondent was the unlawful parking of appellant's car and the negligent failure to light the obstruction which the appellant thus created.

The judgment is, therefore, correct and it is affirmed.

TOLMAN, C. J., PARKER, ASKREN, and BRIDGES, JJ., concur.