[No. 23897.  *En Banc.*  August 7, 1933.]

I. PEIZER *et al., Respondents,* v. THE CITY OF SEATTLE, *Appellant.*[1]

*A. C. Van Soelen, C. C. McCullough,* and *John A. Logan,* for appellant.

*Leo M. Koenigsberg* and *Padden & Moriarty,* for respondents.

[1]Reported in 24 P. (2d) 444.

BLAKE, J.—This is a negligence case. The plaintiffs seek to recover damages to their persons and property resulting from a collision between their automobile and a street car owned and operated by defendant. The defendant appeals from a judgment entered upon a verdict in favor of the plaintiffs.

Three questions are raised by the assignments of error: (1) Sufficiency of the evidence as to appellant's negligence to take the case to the jury; (2) sufficiency of the evidence as to contributory negligence to take the case from the jury; and (3) the correctness of certain instructions.

There is no substantial conflict in the evidence as to the time, manner and place the collision occurred. There is a sharp conflict, however, as to the conditions of visibility at the time it occurred. The accident occurred about seven o'clock in the evening of November 30, 1931, on Thirty-first avenue south, at a point about forty-five feet north of the north property line on Dearborn street. Thirty-first avenue south extends north and south. It is forty-two feet in width from curb to curb. In the relative middle of the street is laid a double track street railway. Southbound cars travel on the westerly track; northbound cars on the easterly.

The street car in question was southbound. It stopped on the near side of Dearborn street to let off passengers. While it was so standing, the power went off and the lights went out. In the interval of a few seconds before the power came on again, the automobile, driven by respondent I. Peizer, ran into the rear end of the street car. Respondents had turned onto Thirty-first avenue south at Jackson street, a street intersecting Thirty-first avenue south at a point a thousand or twelve hundred feet north of the point of collision. From Jackson street, Peizer drove south

along the westerly street car track, maintaining a speed of about seventeen miles per hour.

Evidence offered by respondents was to the effect that there was a very heavy fog—so heavy that their headlights penetrated it but a few feet. It is the contention of respondents that, due to the heavy fog, Peizer was unable to see the unlighted street car in time to stop or avoid colliding with it; that he did not see it until he was within fifteen feet of it; that, had it carried a red lantern at the rear end, he could have seen the light from it in time to have stopped or passed around the car; that Peizer had been able to see the tail lights of an automobile which had passed them a few moments before, for a distance of seventy-five or eighty feet.

On the other hand, appellant's evidence was to the effect that, while there was some fog, it was high and did not materially affect conditions of visibility; that the fog was not dense enough to impair visibility within a distance of eight hundred feet.

We think, under this conflict in the evidence, the respondents made a case for the jury on the question of appellant's negligence. A traffic ordinance provided that street cars shall carry "one lamp showing a red light visible two hundred feet or more in the rear thereof." This provision is supplemented by a rule promulgated by the street railway department, providing that, in foggy or obscure weather when the operator cannot see clearly for a distance of six hundred feet, a red lantern must be placed on the rear end of the street car and kept lighted. The purpose of the rule was to maintain a red light on the rear end of the car in just such contingencies as this, when the power fails. It is a standard of care fixed by the appellant itself. The car in question was provided with

such a lantern, but the motorman had not put it on the rear end of the car. While violation of the rule is not negligence *per se*, failure to conform to it is evidence of negligence, which, with other evidence, was sufficient to take the case to the jury. *Chicago City Ry. Co. v. Lowitz,* 218 Ill. 24, 75 N. E. 755; *Cincinnati Street Ry. Co. v. Altemeier,* 60 Ohio St. 10, 53 N. E. 300; *O'Neil v. Lynn & B. R. Co.,* 155 Mass. 371, 29 N. E. 630.

The question of contributory negligence was also for the jury. The respondents had a right to drive along the street car track, notwithstanding they might have driven in that portion of the street lying between the west rail and the curb. The rights of appellant and respondents to the use of the street were mutual. *Traver v. Spokane Street R. Co.,* 25 Wash. 225, 65 Pac. 284; *Burian v. Seattle Electric Co.,* 26 Wash. 606, 67 Pac. 214; *Baldie v. Tacoma R. & Power Co.,* 52 Wash. 75, 100 Pac. 162; *Keefe v. Seattle Electric Co.,* 55 Wash. 448, 104 Pac. 774; *Mallett v. Seattle, Renton & Southern R. Co.,* 66 Wash. 251, 119 Pac. 743; *O'Brien v. Washington Water Power Co.,* 71 Wash. 688, 129 Pac. 391.

Nor was it contributory negligence for Peizer to fail to drive at a speed at which he could stop within the radius of his headlights. *Morehouse v. Everett,* 141 Wash. 399, 252 Pac. 157, 58 A. L. R. 1482; *Tierney v. Riggs,* 141 Wash. 437, 252 Pac. 163; *Gilbert v. Solberg,* 157 Wash. 490, 289 Pac. 1003.

Neither was Peizer guilty of contributory negligence, as a matter of law, in driving at the rate of seventeen miles an hour. There is testimony to the effect that, going at that rate of speed, he could have stopped within the distance he could have seen a red light. The speed was well within the limit permitted by law. It was for the jury to say whether it was

reasonable under the existing circumstances and conditions.

The court gave the following instruction:

"You are instructed that the fact that the plaintiff called defendant's motorman as a witness, does not, because of the mere fact he was so called, conclusively bind the plaintiff by his testimony. If you find that the motorman's testimony on any fact was contrary to the greater weight of the credible testimony, if any, then you have the right to disregard the testimony of the motorman, if any, as of any other witness, as to any fact, if any, that was proven to be contrary to the motorman's testimony by the greater weight of the evidence, if any, and if you find it was so proven."

Conceding that the motorman was an adverse witness, the first sentence of the instruction was proper. Respondents seek to justify the balance of the instruction upon the theory that it was merely an elaboration of the principle stated in the first sentence. We cannot so interpret it, but if it is susceptible to such interpretation, we think it is an erroneous statement of law. Under constitutional provisions such as ours (art. 4, § 16), it has been almost universally held that the jury are the exclusive judges of the credibility of witnesses and the weight to be given their testimony. *Osborn v. State,* 125 Ala. 106, 27 So. 758; *Paxton v. State,* 114 Ark. 393, 170 S. W. 80, Ann. Cas. 1916A, 1239; *People v. Gray,* 251 Ill. 431, 96 N. E. 268; *Stewart v. Anderson,* 111 Ia. 329, 82 N. W. 770; *Howell v. State,* 61 Neb. 391, 85 N. W. 289; *Chavarria v. State,* 63 S. W. (Tex. Crim. App.) 312; *Haun v. Rio Grande W. Ry.,* 22 Utah 346, 62 Pac. 908; *Shellabarger v. Nafus,* 15 Kan. 547.

In the case last cited, it is said:

"Whether the jury should disregard the whole of the testimony of a witness in such a case, is a matter resting entirely with them. . . . The jury ought

to be allowed to weigh every portion of the testimony of every witness, and to give to each portion of the testimony just such consideration as it is entitled to, considering all the facts and circumstances of the case. . . . no inflexible rule of law should be interposed between the witness and the jury, commanding the jury to take all, or to exclude all, of his testimony.''

However, in most such jurisdictions it is held that the court may instruct the jury that they may disregard the whole of a witness' testimony if they believe the witness has willfully sworn falsely to any material matter in issue, provided that his testimony is not corroborated by other credible evidence. This court has so held. *Lyts v. Keevey,* 5 Wash. 606, 32 Pac. 534.

But even under that rule, the court may not single out a particular witness to whom to apply it. 1 Blashfield's Instructions to Juries (2d ed.), § 381; *Schutz v. State,* 125 Wis. 452, 104 N. W. 90. In that case, it is said:

''Another serious criticism of this charge arises from the rule that it is not proper for the court to select one witness from several and apply to him or his testimony exclusively rules of consideration equally applicable to others. *Valley L. Co. v. Smith,* 71 Wis. 304; *McKeon v. C., M. & St. P. R. Co.,* 94 Wis. 477, 69 N. W. 175 [35 L. R. A. 252, 59 Am. St. Rep. 910]; *Meyer v. Milwaukee E. R. & L. Co.,* 116 Wis. 336, 343, 93 N. W. 6; *Loose v. State,* 120 Wis. 115, 133, 97 N. W. 526; *Harriott v. Holmes,* 77 Minn. 245, 79 N. W. 1003; Hughes, Instr. to Juries, § 223. Such discrimination is extremely likely to mislead the jury into a disregard of other testimony in the case, or undue respect or suspicion for the specified witness.''

The testimony of a witness is entitled to consideration unless he has willfully given false testimony on a material fact. Even then, the jury may attach such weight to other portions of his testimony as they deem

proper. And if his testimony is corroborated by other credible evidence, the jury has no right to disregard it.

We think the instruction constituted a prejudicial comment on the credibility of the motorman and the weight of his testimony.

Since the error in giving this instruction necessitates a re-trial, we shall not consider the errors assigned on other instructions.

The judgment is reversed, and the cause is remanded with directions to grant a new trial.

TOLMAN, HOLCOMB, STEINERT, and MAIN, JJ., concur.

BEALS, C. J., MILLARD, and MITCHELL, JJ., dissent.