[No. 19212. Department Two. July 18, 1925.]

JACK REPANICH, *Respondent*, v. COLUMBIA & NORTHERN FISHING & PACKING COMPANY, *Appellant*.[1]

PRINCIPAL AND AGENT (9)—EXISTENCE OF RELATION—EVIDENCE—SUFFICIENCY. The question of actual agency and agency by estoppel is for the jury, where the alleged agent was paid a commission for buying fish for defendant, furnished money at intervals, operated a launch, the rent of which was guaranteed by defendant who paid other bills and carried the agent on his ledger account.

SAME (8) — AGENCY — DECLARATIONS OF AGENT — ADMISSIBILITY. Where an agency is established *prima facie*, the acts and declarations of the agent are admissible to prove his agency.

WITNESSES (83)—CROSS-EXAMINATION—CALLING ADVERSE PARTY—STATUTES. Under Rem. Comp. Stat., §§ 1225 and 1229, it is error to refuse to allow cross-examination of the adverse party, whether

[1]Reported in 237 Pac. 1012.

he had been placed on the stand or not, and such examination may be postponed until the end of the trial.

SAME (83). Prejudice does not appear from refusing to allow cross-examination of the adverse party, where there was no offer to make him the party's own witness, and no questions were asked that were material to the issues.

Appeal from a judgment of the superior court for Cowlitz county, Kirby, J., entered August 16, 1924, upon the verdict of a jury rendered in favor of the plaintiff, in an action on contract. Affirmed.

*Battle, Hulbert, Gates & Helsell* (*Edward G. Dobrin,* of counsel), for appellant.

*R. W. Greene,* for respondent.

HOLCOMB, J.—This is an action to recover from appellant the value of certain fish alleged in two causes of action to have been sold to it through one Banich as its agent. The complaint originally alleged that the sale was made to appellant; then by amendment the sale to appellant's agent, Banich; then by a further amendment during the trial of the case certain facts alleged to constitute estoppel to deny the agency of Banich are pleaded to the effect that certain instructions of appellant were given out to deliver fish subsequent to August 10, 1921, to a scow belonging to it in Ilwaco, and that three or four fishing boats could be used was communicated on August 10, 1921, to respondent, acted upon by him, and that by reason thereof appellant is estopped by its conduct to deny the agency. The amendment at the trial was opposed by appellant, and an exception taken to its permission. All of the allegations of agency and of sale of fish to appellant were denied.

Fourteen errors are claimed, the first four of which are argued together by appellant, to wit: error in granting judgment on the verdict; in refusing to grant judgment to appellant n. o. v.; in refusing to grant

appellant a nonsuit, and in refusing to direct a verdict for appellant at the close of all the testimony.

Under this group, the sufficiency of the evidence to establish agency on the part of Banich, either actual or apparent, or by estoppel, is argued, it being claimed that Banich was an independent buyer.

An examination of the statement of facts and exhibits discloses that there was ample direct and circumstantial evidence on which to establish agency *prima facie*; and of the facts and circumstances testified to by respondent's witnesses, and competent to prove agency by estoppel. In other words, actual agency was proven *prima facie*, so that it was a question for the jury, and so, also, was agency by estoppel, which would simply be corroboratory of the actual agency. For instance, without going into the evidence in great detail, there is evidence that Banich was paid a commission for buying fish for appellant; that he was furnished money at frequent intervals either as advances with which to buy fish for appellant, or otherwise, not satisfactorily explained; that Banich operated a launch called the "Oregon" and a fishing scow at Ilwaco, and that appellant guaranteed the rent for the "Oregon" and paid other bills incurred in its operation. There are exhibits which indicate that Banich was actually on the ledger account of appellant and that he received pay or compensation on a monthly basis as commission. There are other details in the evidence which, though contradicted by the testimony in behalf of appellant, all went to the jury, and were resolved in favor of respondent.

The law governing the question of agency, both express and implied, as stated by the court to the jury, was apparently accepted by appellant, for no exceptions were taken to the instructions.

It is contended by appellant that, aside from declarations by Banich and by other witnesses for respondent in the case, chiefly fishermen, there is no evidence to show the existence of an agency on the part of Banich for appellant, and that such declarations are inadmissible.

It is true that the mere declarations by a pretended agent to third persons of his agency or of his pretended authority are not sufficient to establish agency; but, on the other hand, if the fact of agency be otherwise established *prima facie,* then the acts and declarations of the alleged agent are admissible. *Wharton v. Tierney-Toner Co.*, 126 Wash. 216, 217 Pac. 998; *Beeler v. Pacific Fruit & Produce Co.*, 133 Wash. 116, 233 Pac. 4. See, also, *Lemcke v. Funk & Co.*, 78 Wash. 460, 139 Pac. 234, Ann. Cas. 1915D 23; *O'Daniel v. Streeby,* 77 Wash. 414, 137 Pac. 1025, L. R. A. 1915F 634; *Driver v. Galland,* 59 Wash. 201, 109 Pac. 593.

The trial court, when disposing of appellant's motion for a new trial or for judgment n. o. v., stated:

"I have gone over the testimony and am of the opinion that there was sufficient evidence of agency to carry that question to the jury. If there was, then the question of its sufficiency was a matter for the jury to weigh and determine. Having resolved the evidence against the defendant company, I feel that I would be invading the province of the jury in setting the verdict aside and granting judgment *non obstante.* I do not believe there were any errors of law justifying the granting of a new trial. I could grant one if I thought the evidence insufficient, but this case has been tried twice upon practically the same testimony and in both instances the jury has thought the testimony sufficient. I do not see that there is anything to be gained by sending this to another jury, and the motion for a new trial will also be denied."

Thus the trial court, having weighed the sufficiency of the evidence in passing upon the motion for a new

trial, and the evidence as a whole in passing on the motion for judgment n. o. v., felt compelled to deny both. And we agree that the motion for judgment n. o. v. could not have been properly granted, and that the motion for a new trial was properly denied.

Other alleged errors respecting the admission and rejection of evidence have been examined and found to be without merit or without prejudice.

Another error claimed is in refusing appellant permission to examine respondent as an adverse party. The record shows that, when respondent rested its case, appellant recalled respondent as a witness, and as the reporter has it, for the purpose of "cross-examination." After some questions as to his operations from the beginning of the fishing season of 1921, counsel for respondent objected to further cross-examination of the plaintiff, and stated that the defendant would have to make him his own witness. Counsel for appellant replied: "We have a right under the statute to cross-examine the plaintiff as an adverse party." The court sustained the objection, to which counsel for appellant excepted. The examination or cross-examination was then abandoned.

In so ruling, the trial court erred. Appellant should have been permitted to examine the opposing party as a witness in any way it saw fit, so long as the examination in any way related to the plaintiff's cause of action or the defendant's defense. That is the object of the statute (Rem. Comp. Stat., §§ 1225 and 1229), which provides that a party to an action or proceeding may be examined as a witness at the instance of the adverse party, or one of several adverse parties, and for that purpose may be compelled in the same manner and subject to the same rules of examination as any other witness to testify at the trial. The testimony of the party so adduced may be rebutted by adverse testi-

mony. *Grist v. Schoenburg,* 115 Wash. 335, 197 Pac. 35. See, also, *Thomas v. Fos,* 51 Wash. 250, 98 Pac. 663; *McCanna v. Silke,* 75 Wash. 383, 134 Pac. 1063; *Eyers v. Burbank Co.,* 97 Wash. 220, 166 Pac. 656.

The practice under this section and under our decisions does not seem to be well understood. Under this provision of the statute, when a party wishes to examine an adverse party as a witness, whether the adverse party has been placed upon the witness stand or not, he may do so. If the adverse party (or person standing in the stead of the adverse party as the principal witness, who is to all intents and purposes an adverse party) is put upon the witness stand it is immaterial whether the opposing party cross-examines him fully then as to the cause of action or defense of the opposing party or waits until he is putting on his own case. In any event, under the statute, the widest and freest scope is to be given for examination of the adverse party; leading questions may be put, and the whole case may be fully and minutely investigated. *Langford v. Issenhuth,* 28 S. D. 451, 134 N. W. 889; *Reiter v. Pollard,* 75 Colo. 203, 225 Pac. 222.

But we do not feel justified in reversing this judgment for that cause alone. As was said in *Grist v. Schoenburg, supra,* "Appellants had a complete remedy at their own command." Of course, they had reached their case proper in this case and should have been permitted to examine and cross-examine (whatever it may be called) respondent as an adverse witness as the statute provides. The method usually employed is that ordinarily employed in cross-examination. Leading questions are permitted, and impeachment by the party calling the adverse witness, and rebuttal of his testimony by other competent evidence. *Langford v. Issenhuth, supra.* But in the case at bar appellant abandoned the examination and did not even

comply with the ruling of the court that appellant should make respondent its witness, which would have been done in name only. Appellant could have proceeded by stating that it would make respondent its witness under the statute with the right to ask leading questions and to impeach or rebut his evidence. Furthermore, the questions that had so far been asked respondent did not appear to be of great materiality. While they might have been tending in that direction, appellant had not yet reached any question that seemed material to the issues in the case. Had he done so and been prevented from examining respondent as he desired under the statute, it would have been reversible error. In this case, however, we can see no prejudice to appellant by the ruling, even though it was erroneous.

Two juries, as the trial court declared, have decided upon practically the same evidence, and the same issues, against appellant.

We are of the opinion that no reversible error occurred in this trial, and that the judgment should be and is affirmed.

Tolman, C. J., Fullerton, Mackintosh, and Askren, JJ., concur.