[No. 22188. Department One. June 10, 1930.]

HARVEY VAN CELLO, *Respondent,* v. W. F. CLARK *et al.,*
*Appellants.*[1]

*Rigg & Brown, Reynolds, Ballinger, Hutson & Boldt,*
for appellants.

*McAulay & Freece* and *LeRoy McCann,* for respond-
ent.

[1]Reported in 289 Pac. 19.

322

BEALS, J.—One Harvey Van Cello, plaintiff herein, was, December 30, 1928, at approximately three o'clock in the afternoon, driving his Chrysler sedan down the hill leading to the easterly end of the Vantage Ferry bridge which crosses the Columbia river about thirty miles east of the city of Ellensburg. At the same time, defendant W. F. Clark was driving his Buick automobile up the hill from the river toward the town of Quincy. The road up the hill from the bridge head has been carved out of the rocky hillside, up which it winds, in many curves, at a steep grade. On defendant's right, as he was driving up the hill, arose the rugged and precipitous hillside, the rocky wall in places standing close to the right-hand edge of the road, going up the hill, such being the case at the point of collision, where the road curves first a little to the left, then to a greater degree to the right, around a promontory of solid rock through which the road was blasted. On defendant's left, beyond the narrow shoulder about a foot and a half in width, bordering the road proper, the ground fell away, sometimes in a straight drop of many feet, elsewhere in a steep slope covered with broken rock and other debris, the road being manifestly dangerous in the extreme, and calling for the exercise of the highest degree of care on the part of persons traveling up or down the same.

Mr. Van Cello, driving down the hill, found himself on his right-hand side of the road toward the open side thereof, next the steep and dangerous declivity above referred to. A light snow had fallen, although it was not snowing at the time of the collision. Defendant's car was equipped with chains, while the Chrysler sedan lacked this safeguard. As defendant was driving up the hill, he approached a curve to his right around a wall of rock which obstructed his view ahead within the distance of two hundred feet. De-

fendant admitted that he was driving at between twenty and twenty-five miles per hour. On the other hand, plaintiff admitted that he was driving his car at an appreciable distance from the right-hand edge of the road. Whether the estimated distance of four feet, as testified to by plaintiff's witnesses, should be measured from the edge of the roadbed or from the brink of the declivity, may be a matter of dispute, but, in any event, it seems clear that plaintiff was not driving his car on the extreme outside of the curve which he was approaching to his left, as is required by Rem. 1927 Sup., § 6362-41, subd. (7), which reads as follows:

"It shall be the duty of every person operating or driving any motor or other vehicle . . . . when approaching any curve of such highway where for any reason a clear view for a distance of three hundred feet cannot be had, . . . to keep to the extreme inside of all curves to the right and to the extreme outside of all curves to the left."

It is also apparent that defendant was violating that provision of the statute which reads as follows:

"(b) Subject to the provisions of subdivision (a) of this section and except in those instances where a lower speed is specified in this act, it shall be lawful for the driver of a vehicle to drive the same at a speed not exceeding the following: . . .

"3. Fifteen miles an hour in traversing or going around curves or corners of a highway when the driver's view is obstructed within a distance of two hundred feet along such highway in the direction in which he is proceeding; . . ." Rem. 1927 Sup., § 6362-3.

The cars met head-on somewhere along the curve, the left front of plaintiff's car, going down the hill, striking the left front of defendant's car, ascending the grade. It is evident that one or both of the ma-

chines must have been out of position and traveling on the left-hand side of the middle of the road.

As the result of the collision, plaintiff Van Cello was injured and his automobile damaged. Arthur S. Parsons, who was riding with plaintiff, suffered severe injuries, and defendant Clark was hurt, his machine being also damaged. Plaintiff Van Cello brought this action to recover damages for injuries to his person and his machine. Arthur S. Parsons brought another action against defendant seeking to recover damages for injuries to his person, and defendant Clark cross-complained against plaintiff Van Cello, asking judgment for injuries to his person and car. The wife of defendant Clark was made a party defendant, but she was not present at the time of the accident, and in this opinion Doctor Clark will be referred to as though he were the sole defendant.

The two actions were consolidated for trial, it being apparently admitted that any negligence on the part of plaintiff Van Cello should be imputed to plaintiff Parsons, and that, if Van Cello cannot recover, neither can Parsons. The actions were tried to a jury which returned separate verdicts in favor of Messrs. Van Cello and Parsons, and from judgments entered upon these verdicts, defendant Clark appeals.

By stipulation of the parties, one statement of facts only has been filed, and the cases have been argued together.

From this point, appellant's appeal from the judgment in favor of Mr. Van Cello will be considered.

Appellant contends that the trial court erred in refusing to grant his motion for a directed verdict at the close of respondent's case, in denying his motion for judgment in his favor notwithstanding the verdict, and in denying his alternative motion for a new trial. Error is also assigned upon the refusal of the trial

court to give two instructions requested on behalf of appellant.

■ The first two assignments of error will be discussed together. It is apparently conceded that, at the point of collision, neither driver had, on account of the degree of the curve in the road, a clear view ahead for a distance of two hundred feet. Appellant argues that this court should hold that, from the evidence, it conclusively appears that respondent was not driving his car along the "extreme outside of the curve" in the road to his left, as a strict reading of the statute requires, and that consequently respondent cannot recover against appellant, and that the court, at the close of respondent's case, should have dismissed the action, holding that, as matter of law, Van Cello was guilty of contributory negligence. We cannot so hold. Respondent's car, even though not driven on the extreme outside of the curve, might still have been wholly to respondent's right of the center of the line of the roadway. Under the circumstances appearing in this case, we cannot say, as matter of law, that respondent, in not driving along the extreme outer edge of the curve, along the edge of the high, steep and dangerous bank, falling away from the edge of the narrow shoulder outside the roadbed, was, as matter of law, guilty of contributory negligence which would bar his recovery in this case.

As above stated, it is clear that one or both of the automobiles was traveling, at least partially, upon the wrong side of the center of the road. The evidence was contradictory, and at least some disputed questions of fact appear in the testimony which justified the trial court in submitting the issues of fact to the jury.

The same is true as regards appellant's second assignment of error, and the trial court did not err in

overruling appellant's motion for judgment in his favor notwithstanding the verdicts.

On the facts, we find nothing which requires a holding by this court that, in exercising its discretion in passing upon appellant's motion for a new trial, the superior court committed reversible error.

██ We now consider the questions of law presented by appellant's last two assignments of error. Appellant requested that the court instruct the jury as follows:

"You are instructed that the rate of speed of defendant's automobile is not to be considered by you even though you believe from the evidence that such speed was unlawful and negligent, unless you further find that such speed was the proximate cause of the accident. If you find that the accident would have occurred, even though the defendant had been driving at a careful and lawful rate of speed, then I instruct you that the speed of defendant's car was not the proximate cause of the accident and you cannot find against the defendant on that ground."

This instruction, as drawn, was properly refused. The jury were entitled to consider the rate of speed at which appellant's car was being driven, even though they might be of the opinion that such speed, while unlawful and negligent, was not *the* proximate cause of the accident. If the jury believed that appellant was driving his car at a rate of speed in excess of that provided by law, and that in so doing appellant was negligent, and that the fact that appellant was driving at an excessive and unlawful rate of speed was a cause contributing to, or one of the proximate causes of, the accident, then the jury had the right to take the rate of speed at which they found appellant's car was being driven into consideration in reaching their verdict. The jury might well have been instructed that, if they should find that the accident would have occurred even

though appellant had been driving his car at a lawful rate of speed and at a rate which the jury should find, in view of all the circumstances of the case, was not negligent, then, in that event, the speed at which they should find, as matter of fact, appellant's car was being driven, even if excessive, was not a proximate cause of the accident and the jury should not find against appellant upon the sole ground that he was driving at a rate of speed in excess of that fixed by law. *Rampon v. Washington Water Power Co.*, 94 Wash. 438, 162 Pac. 514, L. R. A. 1917C 998; *Bullis v. Ball*, 98 Wash. 342, 167 Pac. 942; *Ross v. Smith & Bloxom*, 107 Wash. 493, 182 Pac. 582; *Burlie v. Stephens*, 113 Wash. 182, 193 Pac. 684; *Greater Motors Corp. v. Metropolitan Taxi Co.*, 115 Wash. 451, 197 Pac. 327; *Von Saxe v. Barnett*, 125 Wash. 639, 217 Pac. 62.

The requested instruction went farther than this, and error cannot therefore be predicated upon the failure of the trial court to give the same.

Appellant also requested that the jury be instructed as follows:

"You are instructed that negligence is never presumed, but must be established by a preponderance of the evidence, the same as any other fact in the case; and unless you find from a preponderance of the evidence in this case that the charge in plaintiff's complaint that defendant was driving his automobile on his left-hand half of the highway is true, your verdict must be for the defendant."

This requested instruction embodies a correct statement of the law, and should have been given. The first part of the instruction, to the effect that negligence is never presumed, was given by the court, but this does not preclude appellant from availing himself of the error committed by the trial court in failing to give the balance of the instruction.

It is clear that the gist of respondent's case was the fact that appellant was driving his car, in part at least, upon the left-hand side of the road. If appellant's car was not, at least to some extent, upon the wrong side of the road, respondent cannot recover. If appellant's car was wholly on appellant's right-hand half of the road, then respondent must have been driving his sedan at least partially on the wrong side of the road and was guilty of such contributory negligence as precludes a recovery of damages in his favor against appellant. Appellant, in apt language, requested that this proposition be placed squarely before the jury, and his request should have been complied with and the jury instructed in accordance with appellant's request or in words to that effect. This was a vital issue in the case, and, while the court clearly instructed the jury in general language, we must hold that error was committed by the trial court in failing to give the concrete instruction requested by appellant.

For error of law on the part of the trial court as above set forth, the judgment appealed from is reversed with instructions to grant appellant's motion for a new trial.

MITCHELL, C. J., PARKER, TOLMAN, and MILLARD, JJ., concur.