[No. 25792. Department Two. May 25, 1936.]

SEATTLE TAXICAB COMPANY, *Respondent,* v. THE TEXAS COMPANY et al., *Appellants.*[1]

[1]Reported in 57 P. (2d) 1237.

364

*Eggerman & Rosling,* for appellants.

*Clarke & Clarke,* for respondent.

BLAKE J.—This is an action for damages to personal property, alleged to have been the result of negligence on the part of defendant. The circumstances out of which the action arose are as follows:

The plaintiff owns and operates a garage and filling station at the northeast corner of Second avenue and Bell street, in Seattle. The building is two stories in height, and has two vehicular entrances on Bell street. The interior of the building was so arranged and maintained that vehicles could enter at the easterly entrance, pass through and out at the westerly entrance. In the sidewalk, just east of the easterly entrance, and three and one-half feet from the curb, was a fill pipe leading to an underground gasoline storage tank. Under ordinary conditions, it is apparent that this tank

could be filled from a tank wagon standing parallel to the curb.

At the time in question, however, Bell street was not in an ordinary condition. Between Second and Third avenues, the city had commenced to dig a trench for a water main. This trench was parallel to and about eight feet from the northerly curb line. Piles of earth and paving brick had been thrown out of the excavation toward the middle of the street. The pavement in front of the entrances to the garage had not been disturbed. The entrances were still available for vehicular traffic. Over the trenches on either side of the east entrance was a barricade, upon which red oil lanterns were placed. There were other such lanterns in place on various piles of earth and other barricades in front of the garage. The lanterns were all lighted at the time with which we are concerned—five-thirty p. m. of November 11, 1933.

At about that hour, the defendant Farrow drove a tank truck belonging to defendant The Texas Company with a load of gasoline for delivery to plaintiff. The delivery was to be made through the fill pipe above described. In order to make connection with the pipe, Farrow drove the truck into the building through the east entrance far enough for the rear end to clear the sidewalk. He then connected the hose from the tank wagon with the fill pipe and turned on the gas. Within a minute or a minute and a half, a fire started at the intake of the fill pipe. There was evidence, which the jury was warranted in believing, to the effect that the fire started from a lantern which Farrow had taken from the street and placed near the hose leading from the tank wagon to the fill pipe.

The fire was soon out of control. Farrow pulled the hose out of the fill pipe, and then drove the truck further into the building. The fire quickly spread into

the building and damaged some thirty-four taxicabs. It is for damage to these cars that this action was brought. The cause was tried to a jury on the issues of negligence and contributory negligence. From judgment entered on a verdict for plaintiff, defendants appeal.

Appellants make four assignments of error, which, for the purpose of discussion, may be stated as follows: (1) Sufficiency of the evidence to make a case for the jury; (2) error in the giving of instructions and in refusing to give requested instructions; (3) misconduct of counsel for respondent.

*First:* Appellants insist that respondent was guilty of contributory negligence as a matter of law in permitting the loaded tank wagon to be driven into the building, in violation of an ordinance of the city of Seattle. It may be conceded that this was negligence *per se* on the part of respondent. Even so, it does not preclude recovery, unless such negligence proximately and appreciably contributed to the injury. *Hullin v. Seattle Taxicab Co.,* 119 Wash. 311, 205 Pac. 403; *Twedt v. Seattle Taxicab Co.,* 121 Wash. 562, 210 Pac. 20; *Geer v. Gellerman,* 165 Wash. 10, 4 P. (2d) 641.

As we understand appellants' position on this branch of the case, it is that the damage was the result of the concurring negligence on the part of respondent and Farrow; that there were really two or three proximate causes of the fire, in absence of any of which the fire would not have reached the interior of the building. In other words, appellant contends that there was more than one proximate cause of the damage; that respondent's damage would not have resulted "but for" its own negligence in permitting the truck, loaded with gasoline, to enter the building.

Of course, the presence of the truck in the building

created a condition but for which the damage would probably not have been sustained. It is probable, in other words, that, had the truck been in the street while unloading, and had the fire occurred as it did, it would not have spread to the interior of the building. But it does not follow as a matter of law that the standing of the truck in the building was a proximate cause of the damage precluding respondent's recovery. As stated in *Ottevaere v. Spokane,* 89 Wash. 681, 155 Pac. 146:

"All of the cases agree that an injury which is the natural and probable consequence of an act of negligence is actionable, and that such an act is the proximate cause of the injury. It is equally well settled that an injury which could not have been foreseen nor reasonably anticipated as the probable result of an act of negligence is not actionable, and that such an act is either the remote cause, or no cause whatever, of the injury."

And in *Hellan v. Supply Laundry Co.,* 94 Wash. 683, 163 Pac. 9:

"The question of proximate cause is a mixed question of law and fact. It is usually a question for the jury. It is only where the facts are undisputed and the inferences to be drawn from them are plain and incapable of reasonable doubt or difference of opinion that it may become a question of law for the court."

We think that, on the facts disclosed by the record, the question of proximate cause was one to be determined by the jury. It seems to us that there was no more reason for anticipating fire at the fill pipe intake with the truck standing in the building than there would be with the truck standing in the street. Surely, the agents of respondent could not reasonably be expected to anticipate that Farrow, or anyone else, would place a lighted lantern in close proximity to the hose or the intake of the fill pipe. Under the evidence,

the jury might very well say that the placing of the lantern near the hose was an intervening and independent cause of the fire. Consequently, under proper instructions, the jury might very well say that that was the proximate cause of the fire. Under proper instructions, it was for the jury to determine the proximate cause of the damage.

■ *Second:* The next assignment of error questions the correctness of instructions dealing with proximate cause and contributory negligence. The court instructed the jury as follows:

"Ordinance No. 59867 of the city of Seattle provides, among other things, as follows:

" 'Except in refineries and bulk storage plants, as elsewhere in this ordinance defined, tank trucks or tank trailers shall not be kept inside of buildings between the hours of sunset and sunrise unless for purposes of repair. Where repairs are required on the tank, or welding or other intense heat is required in making repairs, tanks shall first be made free of all flammable or explosive vapors and liquids.'

" 'In no case shall tank trucks or trailers be driven inside of buildings to unload flammable liquids.'

"You are instructed that the violation of an ordinance is of itself negligence, and if you find that the defendants violated any of the provisions of the ordinance above set out, and if you further find that such violation was *the* proximate cause of the damage sustained by the plaintiff, then your verdict should be for the plaintiff."

Appellant requested an instruction as follows:

"You are instructed that the danger of driving a loaded gasoline truck into a garage for the purpose of unloading gasoline is as obvious and apparent to the plaintiff as to the defendant and if you find from a fair preponderance of the evidence, that the action of the defendant in driving the tank truck into the building in the first instance and laying the hose across the sidewalk was the proximate cause of the fire *or one of the proximate causes thereof,* and that the defend-

ant through its agents, servants and employees directed or assisted or merely acquiesced therein without objection, then plaintiff is guilty of contributory negligence and your verdict must be for the defendant.''

The court gave this request, with the italicized words eliminated.

The criticism of these instructions is that they fail to take into consideration that there may be more than one proximate cause of the damage. We think the exceptions to these instructions are well taken. They deal with the vital issue of contributory negligence. It is admitted that the ordinance was violated by driving the tank wagon into the building. Respondent was guilty of negligence *per se* in permitting it. If that negligence contributed to its damage in any material degree, respondent is not entitled to recover. But these instructions told the jury that such negligence would not bar recovery, unless it was *the* proximate cause of the damage. In effect, the court advised the jury that contributory negligence, to bar recovery, must be the moving and efficient cause of the damage—the cause without which the damage would not have occurred. An instruction of much the same character was condemned by this court in *Cleasby v. Taylor*, 176 Wash. 251, 28 P. (2d) 795. See, also, *Van Cello v. Clark*, 157 Wash. 321, 289 Pac. 19.

 Respondent contends that these instructions, when read with all of the instructions, are not incorrect or misleading. It is pointed out that the court gave the following instruction on contributory negligence:

" 'Contributory negligence' is negligence or want of care on the part of a person suffering damage, which materially and proximately contributes to cause the injuries complained of. It also may consist in doing some act which a reasonably prudent person would not have done under the same circumstances, or in failing

to do something which a reasonably prudent person would have done under the same circumstances.

"Where there is contributory negligence on the part of plaintiff, plaintiff cannot recover even though the defendant is guilty of negligence."

This is a correct general definition of contributory negligence, applicable to all negligence cases. But the court failed to apply the rule to the specific issue of contributory negligence as made by the evidence in this case. The rule stated in the general instruction is irreconcilable with the rule stated in the instruction dealing specifically with contributory negligence. Read together, they set up for the guidance of the jury contradictory rules pertinent to a material and vital issue in the case. The error is vital, and necessitates a new trial.

Respondent contends that, even though the instructions were incorrect, they were cured by a special verdict submitted to the jury at the request of appellant. The special verdict was in the form of an interrogatory, as follows:

"Was the action of the driver, Farrow, in driving into the building in the first instance in violation of the city ordinance one of the proximate causes of the fire?"

To this the jury answered "No." The argument is that, by this answer, the jury eliminated the driving of the truck into the building as *a* proximate cause of the damage. Conceding this contention to be correct, the answer does not eliminate the necessity of giving proper instructions on contributory negligence and its effect. To defeat recovery, the driving of the truck into the building need not be *the*, but only *a*, proximate cause of the damage. The respondent would not be entitled to recover if that negligence contributed to the damage in any material degree. We do not think the

answer to the interrogatory cured the defect in the instructions.

■ While error in the above quoted instructions requires that a new trial be granted, it is necessary to consider another instruction given by the court. This instruction reads as follows:

"You are instructed that it is the law that, notwithstanding the fact that the person damaged has been guilty of some negligence in exposing his person or property to an injury at the hand of a defendant, yet if the defendant discovers the exposed situation of the person or property in time, and by the exercising of ordinary care after so discovering his exposed or dangerous position so to have avoided injuring him or his property and has nevertheless failed to do so, the contributory negligence of the person injured does not bar a recovery of damages from the defendant, and so if you find in this case that the plaintiff permitted or requested defendants to run the tank truck into the building, and that thereafter the defendant Farrow, with full knowledge that the tank truck was in the building, placed the hose from the truck into the fill pipe of the underground tank and turned on the gas and, after the gas was running from the nozzle into the fill pipe, negligently and carelessly placed a lighted lantern within a foot or a foot and a half of the discharging gas, plaintiff has a right to recover notwithstanding its own negligence in permitting or requesting the placing of the tank truck within the building."

Both appellants and respondent treat this instruction as a statement of the doctrine of the last clear chance. Conceding, without deciding, that the instruction is a correct statement of the rule, it can have no possible application to the facts of this case. When respondent's property got into a situation of danger (namely, when the fire started), from which it could not be extricated, Farrow never had a chance to stop the fire nor avoid its disastrous consequences. It was out of control almost instantly.

*Third:* We do not think it is necessary to discuss the claimed misconduct of counsel for respondent, as the incident out of which it arose is not likely to occur again.

The judgment is reversed, and the cause remanded with directions to grant a new trial.

MILLARD, C. J., BEALS, MAIN, and HOLCOMB, JJ., concur.