[No. 27374.   Department One.   June 23, 1939.]

TINA CROWN, *Appellant,* v. E. J. MILLER *et al.,*
*Respondents.*[1]

[1]Reported in 91 P. (2d) 713.

*Padden & Moriarty* and *Wendell W. Duncan,* for appellant.

*Shank, Belt, Rode & Cook,* for respondents.

JEFFERS, J. — This is an appeal by plaintiff, Tina Crown, from a judgment entered on the verdict of a jury in favor of defendants E. J. Miller and Jane Doe Miller, his wife, and E. J. Miller and Jane Doe Miller, doing business under the firm name and style of Miller Transfer Company, and Frank Whitney, in an action wherein plaintiff sought to recover damages for personal injuries, claimed to have been received as the result of a collision between a car in which plaintiff was riding and a truck driven by defendant Frank Whitney.

The complaint, in so far as material herein, alleges that the Miller Transfer Company was the owner and operator of a truck (hereinafter referred to as defendants' truck), which, at the time of the accident, was being operated by defendant Frank Whitney on behalf of the Transfer Company; that, on March 21, 1937, plaintiff was a guest in a car operated by Frank L. Normile (which car will be referred to as plaintiff's car), which was proceeding easterly along what is known as the Sunset highway, at a point in the vicinity of Camp Mason, in King county, Washington, where it was run into by defendants' truck, as the cars were about to pass each other; that plaintiff's car was thrown from the road, and plaintiff was injured; that plaintiff's injuries were due to, and caused by, the negligence of defendant Whitney, in that Whitney failed

to operate the truck and trailer attached thereto on his right hand side of the highway, and permitted the truck to be driven on plaintiff's right hand side of the highway; that Whitney failed to keep the truck under control, or to keep a proper and careful lookout ahead for vehicles approaching from the opposite direction; that the truck was being operated at a dangerous and unlawful rate of speed; that the trailer was of an illegal width and length, and was so constructed that, when the truck would turn to the right, the trailer would protrude into the path of cars coming from the opposite direction; that, because of the negligence of Whitney, plaintiff was seriously and permanently injured, for which injuries plaintiff asked judgment against defendants in the sum of $7,500.

Defendants, in their answer, admitted that defendant E. J. Miller was the owner of a Dodge truck, which, at the time in question, was being operated by Frank Whitney; admitted that plaintiff was riding in a car operated by Frank Normile, and that an accident occurred; denied the other allegations of the complaint; and, by way of affirmative defense, pleaded that any injuries sustained by plaintiff were caused solely by the careless and negligent manner in which plaintiff's driver was operating the car at the time of the accident.

Plaintiff, by her reply, denied the affirmative matter contained in defendants' answer.

The cause was submitted to a jury, which returned a verdict in favor of defendants. A motion for new trial was made on all the statutory grounds, and denied by the court. Judgment was entered on the verdict, and this appeal followed.

Appellant makes ten assignments of error, which will be hereinafter more particularly referred to and discussed.

The facts are these: Appellant spent the evening of March 20th at the home of Frank L. Normile and wife, whom appellant had known for many years. These parties spent the evening playing cards, and during the evening it became known that Normile and his wife were going to Spokane and on into Idaho the next day. Appellant expressed a desire to make the trip. The following morning, appellant and the Normiles arose and had breakfast about eleven a. m., having each taken a drink of sloe gin before breakfast. In the afternoon, after making some calls in Seattle, appellant, Frank Normile and wife, and a Mr. McLeod left for Spokane. Appellant and Mrs. Normile were in the back seat, and Mr. Normile and Mr. McLeod in the front seat, Mr. Normile driving. The party stopped at North Bend, where Mr. Normile, as he testified, got out and procured two stubbies of beer for the two ladies, but neither he nor McLeod had anything to drink. After they left North Bend, it began to snow, and continued to snow until after the collision, but the snow did not stick to the windshield and did not obscure the yellow line in the center of the road. It appears from the testimony that, somewhere west of the summit of Snoqualmie pass, a collision occurred between the car driven by Normile, in which appellant was riding, and the truck and trailer being operated by respondent Whitney.

Appellant, Frank L. Normile, and his wife, Nettie C. Normile, all testified that it was not difficult to see the road ahead or the yellow line, and that at all times Frank Normile was driving his car on his right hand side of the road, to the right of the yellow line, and as near the right edge of the pavement as it was possible for him to get; that, up to the time of the collision, he was never over on the left side of the road, or to the left of the yellow line. Appellant and the two wit-

nesses above mentioned further testified that, when they first saw the lights of the truck, the left light was over on their side of the road; that they did not realize it was a truck and trailer until just before the accident, when it loomed up before them; that appellant's car was struck by the side of respondents' truck and trailer, and appellant's car was thrown into the ditch. These three witnesses also testified that Mr. Normile, when he saw the lights of the truck approaching, dimmed his lights, and kept them on dim; that, at the time of the collision, he was driving about twenty-five miles per hour. The testimony shows that the highway at the point of the collision, is of concrete, and twenty feet wide.

Respondent Whitney testified that he was driving at all times on his right hand side of the highway, and that, after he saw the lights of appellant's car, he got one wheel off on the gravel; that he had his fog light on, and was watching the yellow line and the edge of the pavement; and that "it just seemed that it (referring to appellant's car) came over and tried to knock me off the road."

It does not appear from the testimony, other than as shown herein, in what position relative to the yellow line the cars were at the time of the accident, and there is no testimony to show or indicate that appellant's car was at any time other than on its right hand side, except as testified to by respondent Whitney, nor is there any testimony that the truck was on appellant's side of the road, except as herein indicated.

The testimony shows conclusively that appellant was a guest in the Normile car, and the court so instructed the jury and further instructed them that the negligence, if any, of Frank Normile in driving his car could not be imputed to appellant. The court

also withdrew from the jury the defense of contributory negligence on the part of appellant.

■ ■ The first five assignments of error are discussed together, and relate to the giving of instructions Nos. 2, 17 and 19, and the refusal to give appellant's requested instructions Nos. 6 and 7.

Appellant contends that the trial court adopted the single theory that, in order for appellant to recover, the jury must find the respondents guilty of negligence, which negligence was the proximate cause of the collision, and so instructed the jury. Appellant further contends that she was entitled to recover, if the proximate cause of the collision was either the negligence of respondents or the concurrent negligence of respondents and the driver of appellant's car. In other words, appellant contends that the court erred in failing to instruct the jury on the theory of concurrent negligence.

Instruction No. 2, given by the court, to which exception is taken, in so far as pertinent, states:

"The basis of this action is negligence. The plaintiff is not entitled to recover merely because there has been an accident, but must prove, by a preponderance of the evidence, that the defendants were negligent in the manner charged in the complaint; that the plaintiff suffered injuries as charged and *that the defendants' negligence was the proximate cause of such injuries.*

"The term 'proximate cause' means that cause which in a direct, unbroken sequence produces the injury complained of and without which such injury would not have happened."

Instruction No. 17, to which exception was taken, is as follows:

"In this case you will first determine whether the driver of the truck was negligent and whether his negligence, if any, was the proximate cause of the collision. If you find from a preponderance of the evidence that he was negligent, and that this negligence

was the proximate cause of the collision, then you will determine the damages to the plaintiff, if any."

Instruction No. 19, given by the court, reads as follows:

"If you are unable to determine by a preponderance of the evidence whose negligence, if any, was the proximate cause of the collision, then your verdict in this case must be for the defendants."

Appellant's requested instruction No. 6, refused by the court, reads as follows:

"You are instructed that, even though you should find that the driver of the car in which plaintiff was riding was guilty of contributory negligence, that fact alone would not bar a recovery by the plaintiff, Tina Crown, in this case, for, if you should further find that the driver of defendant's truck, was also negligent, and that his negligence, if any, was a proximate cause of the collision in question; and that the collision occurred because of the joint and concurrent negligence of both drivers, then and in that event your verdict shall be for the plaintiff, Tina Crown."

Appellant's requested instruction No. 7, refused by the court, stated:

"If you find from a fair preponderance of the evidence in this case that the collision in question was proximately caused by the joint and concurrent negligence of the driver of defendant's truck and the driver of the car in which the plaintiff was riding, then you are instructed that your verdict must be in favor of the plaintiff, Tina Crown."

We believe the court properly instructed the jury, under the facts in this case, and that no error was committed in refusing to give appellant's requested instructions Nos. 6 and 7. There was no testimony in this case upon which the requested instruction relative to concurrent negligence could be based. The only evidence of negligence of the driver of the truck was

that, according to appellant's testimony, the left light of respondents' truck was on appellant's side of the road; and the only evidence of negligence on the part of the driver of appellant's car is found in the testimony of respondent Whitney, to the effect that appellant's car came over on his side of the road and struck him. From this testimony, it is apparent that the accident was due solely either to the negligence of the driver of the truck in driving on the wrong side of the road, or to the negligence of the operator of appellant's car in being on the wrong side of the road, but there is no testimony herein which, under the authorities, would have justified an instruction of concurrent negligence.

We also seriously question the right of appellant to instructions Nos. 6 and 7, in view of her theory of the case and the positive testimony of all her witnesses.

We are further of the opinion that the trial court covered the entire matter when he instructed the jury that the negligence, if any, of the driver, Frank Normile, in driving appellant's car at the time, could not be imputed to appellant, Tina Crown, and by instruction No. 17, as given.

The jury were also instructed that, if the Normile car was upon its right hand side of the pavement and in a position where it had a right to be, then the burden was imposed upon the respondents to show that the collision was not due to negligence of the driver of respondents' truck.

We are entirely in accord with the rule announced in *Van Cello v. Clark*, 157 Wash. 321, 289 Pac. 19; *Flagg v. Vander Yacht*, 174 Wash. 521, 24 P. (2d) 1063; *Cleasby v. Taylor*, 176 Wash. 251, 28 P. (2d) 795; *Seattle Taxicab Co. v. Texas Co.*, 186 Wash. 363, 57 P. (2d) 1237; and other cases cited by appellant, to the effect that, when the negligence of one person con-

curs with that of another to produce the proximate cause of an injury to a third person, each of the persons found to be negligent is chargeable as if solely responsible for such cause. We do not believe the above cases, or the rule announced, applicable to the facts in the instant case.

We think the court's instruction on "proximate cause" was proper, under the facts in this case, and that the distinction between the use of the words "a" and "the", made in the cases of *Van Cello v. Clark*, *Flagg v. Vander Yacht, Cleasby v. Taylor,* and *Seattle Taxicab Co. v. Texas Co., supra,* cited by appellant on this point, have no application herein.

■ Appellant's sixth assignment of error is claimed because the court refused to give requested instruction No. 19, which reads as follows:

"You are instructed that the fact that the plaintiff called one of the defendants as a witness does not, because of the mere fact that he was so called, conclusively bind the plaintiff by his testimony."

Appellant, during the trial, called as witnesses respondents E. J. Miller and Frank Whitney. We are of the opinion that the court did not err in refusing to give the requested instruction. In the first place, we think the instruction is so ambiguous that the jury would have been unable to determine for what purpose or to what extent they might consider the testimony of such witness. We do not believe such an instruction would be proper, under any circumstances. It tends to pick out a certain witness and call attention to his testimony, and we think the jury might reasonably infer therefrom that, for some reason, such testimony was not to be given the same weight as other testimony. While we appreciate that one calling an adverse witness is not bound by his testimony, still the jury have a right to consider such testimony the

same as that of any other witness, and certainly the court, under the statute, would have no right to give an instruction the effect of which might be to affect the credibility of such witness, in the minds of the jury.

The statutes pertaining to the right to call an adverse witness are Rem. Rev. Stat., § 1225 [P. C. § 7759], which provides:

"A party to an action or proceeding may be examined as a witness, at the instance of the adverse party, or of one of several adverse parties, and for that purpose may be compelled in the same manner and subject to the same rules of examination as any other witness to testify at the trial, or he may be examined on a commission;"

and Rem. Rev. Stat., § 1229 [P. C. § 7763], which states:

"The testimony of a party, upon examination at the trial, or by deposition, or upon interrogatories filed, may be rebutted by adverse testimony."

We think, under these statutes, the testimony of an adverse witness is received under the same rules of examination as any other witness, and that the jury has the right to consider such testimony the same as that of any other witness. However, the statutes do give to one calling such a witness the right to rebut such testimony, if he desires so to do, and then the jury may consider all the testimony, with no limitations or qualifications placed upon the testimony of the adverse witness, in so far as its consideration by the jury is concerned, any more than on any other witness.

We have found no case decided by this court, other than the case of *Peizer v. Seattle,* 174 Wash. 95, 24 P. (2d) 444, where an instruction was requested relative to the conclusiveness of the testimony of an adverse witness. We have examined many cases where the rights of one calling an adverse witness were involved,

among them being *Sawdey v. Spokane Falls & N. R. Co.,* 30 Wash. 349, 70 Pac. 972, 94 Am. St. 880; *Grist v. Schoenburg,* 115 Wash. 335, 197 Pac. 35; *McMillan v. Auto Interurban Co.,* 127 Wash. 625, 221 Pac. 314; *Repanich v. Columbia & Northern etc. Co.,* 135 Wash. 429, 237 Pac. 1012; and *Switzer v. Seattle,* 159 Wash. 540, 294 Pac. 225. While all of these cases recognize that one calling an adverse witness is not bound by his testimony, in none of them where a jury was called was any instruction asked for or given, relative to this matter.

While it is true that, in the *Peizer* case, *supra,* we apparently conceded that the first part of the instruction there given was correct, and while it is also true that the proposed instruction in the instant case is in the same language as that part of the instruction in the *Peizer* case referred to, it is also true that the statement made in the *Peizer* case was not necessary to the decision reached, and was therefore dictum; but, be that as it may, we must decline to follow the *Peizer* case, in so far as it purports to state or hold that any part of the instruction there given relative to the testimony of the "defendant's motorman," who was called as an adverse witness, was a proper instruction, and it follows that the proposed instruction in the instant case was not a proper instruction, and that the court committed no error in refusing to give it.

Assignment of error No. 7 is based upon the submission to the jury of the following instruction:

"You are instructed that the evidence in this case as to drinking does not justify a finding on your part that the driver of the car in which the plaintiff was riding was at the time of the accident in an intoxicated condition.

"You are instructed, however, that if you believe from the evidence that the driver of the car in which the plaintiff was riding had been drinking, and that

as a result of his drinking his driving was affected, then that is a circumstance which you may take into consideration if you see fit in determining whether or not he drove carelessly at the time of the accident."

Assignment No. 8 is based upon the refusal of the court to give the following instruction proposed by appellant:

"You are instructed that the evidence in this case fails to show that the plaintiff or the driver of plaintiff's car were intoxicated at the time of the collision in question, and you are further instructed that you are to disregard any evidence or inferences made by defendants' counsel concerning the same."

The evidence of drinking by appellant and the Normiles, on the day of the accident, was that when they arose, about eleven a. m., and before breakfast, they all had a drink of sloe gin; that they stopped at North Bend and Normile got two stubbies of beer for the ladies, but did not drink anything himself; that he had no drink that day, other than the one in the morning. The testimony of Agnes Frem and Russella Hardeman, who were at the wreck and looked in appellant's car, was to the effect that they smelled liquor in the car, and that, after appellant, Mrs. Normile, and Mr. Normile got into the Hardeman car, and while on the way to the hospital, the odor of liquor was plain. The testimony of respondent Whitney was to the effect that the odor of liquor was plain in appellant's car. We think that, under this testimony, and under our decisions in the cases of *Garcia v. Moran,* 194 Wash. 328, 77 P. (2d) 988, and *Burget v. Saginaw Logging Co.,* 197 Wash. 318, 85 P. (2d) 271, it became a question for the jury to determine whether or not the driver of appellant's car had been drinking, and whether or not, as a result of his drinking, his driving was affected.

In the *Garcia* case, *supra,* the only testimony of

drinking was to the effect that a police officer detected a slight odor of whiskey on the appellant's breath. The officer testified that the appellant did not show any sign of intoxication. The respondent in the cited case testified that appellant "looked like he didn't see me until he happened to look up and he saw me." In addition, the appellant himself admitted he had taken a few drinks the night before the accident.

In the *Burget* case, *supra*, there was no positive evidence of the appellant drinking. However, one witness testified that, at noon on the day of the accident, he thought appellant was drunk, as evidenced by the fact that "his tongue was heavy and it was hard for him to talk." This witness did not see appellant subsequently, and it was not until about four and one-half hours later that the accident occurred. Several witnesses testified that the appellant was not intoxicated on the day of the accident.

We conclude the instruction given in the instant case was proper, and that the court did not err in refusing to give appellant's requested instruction.

Under assignments of error Nos. 9 and 10, no questions are raised other than those already discussed; and, finding no error in the record, we conclude the court properly denied the motion for new trial and entered judgment of dismissal on the verdict.

The judgment is affirmed.

STEINERT and ROBINSON, JJ., concur.

MAIN, J. (concurring)—I am not in accord with that portion of the majority opinion which holds that it is improper to give a cautionary instruction covering the testimony of one examined as an adverse witness. As I view it, whether such an instruction should be given or not should be left largely to the discretion of the trial court, and the ruling of that court should not be

disturbed, in the absence of a showing of abuse. Under certain circumstances, such an instruction undoubtedly should be given, while, in others, it could properly be refused. I am of the opinion that the rule stated in the case of *Peizer v. Seattle*, 174 Wash. 95, 24 P. (2d) 444, should be adhered to.

Except as herein indicated, I concur in the majority opinion.

BLAKE, C. J., concurs with MAIN, J.

