[No. 34097. Department One. July 5, 1957.]

ORVILLE B. ISAACS, *Respondent*, v. THE NATIONAL BANK OF COMMERCE OF SEATTLE, *Appellant*.[1]

[1]Reported in 313 P. (2d) 684.

*James Leavy* and *Duane E. Taber*, for appellant.

*Tonkoff, Holst, Hopp & Martin,* for respondent.

OTT, J.—This is an appeal from a judgment entered on the verdict of a jury awarding damages for personal injuries.

The facts are substantially as follows: The respondent was visiting in the city of Richland. Early Saturday afternoon, September 3, 1955, he was walking in the shade (which covered approximately one half of the sidewalk) in front of appellant bank's building. He fell over a light green-colored garden hose which stretched across the width of the sidewalk and was attached to a spigot on the bank building. The spigot was of a type which could be turned on only by use of a special wrench or tool. In falling, the respondent sustained the injuries for which the jury awarded damages.

As a part of his case in chief, the respondent called the janitor, an employee of the appellant bank, as a witness. He testified that it was a part of his employment duties to irrigate the small grass strip between the sidewalk and the street; that he was working in the bank on the Saturday in question; that he had not watered the strip or attached the hose on that day, and that it was his practice to remove the hose promptly after using it. The hose used by the bank for irrigating the grass was admitted as an exhibit. Respondent's identification of the hose over which he fell was as follows:

"Q. Did you see the same hose [exhibit No. 7] yesterday? A. I saw a hose I believe to be the same hose. Q. How long is this hose? A. Fifty feet, or slightly more. . . . Q. Do you know whether or not the hose you saw the other day was the same hose? A. No, sir, I don't know absolutely. I believe it to be."

Two of appellant's assignments of error relate to the sufficiency of the evidence to sustain the verdict. The appellant's principal contention is that the respondent, in calling the janitor in his case in chief, did not call him as an adverse witness; that respondent is bound by his testimony (that he did not use the hose on the day in question), and that his testimony cannot be rebutted by respondent's circumstantial evidence. Appellant further contends that there was a failure of proof, in that the respondent did not positively identify appellant's hose as the one over which he fell.

A party calling an adverse witness is not bound by his testimony. The janitor was not shown to be an adverse witness. An adverse witness is a party to a proceeding or, in the case of a corporation, its officers exercising managerial functions. See Rule of Pleading, Practice and Procedure 42, 34A Wn. (2d) 106, as amended, effective January 3, 1955. *Williams v. Brockman*, 30 Wn. (2d) 734, 741, 193 P. (2d) 863 (1948); *Gillett v. Lydon*, 40 Wn. (2d) 915, 916, 246 P. (2d) 1104 (1952).

To prove the essential elements of a cause of action, it may be necessary to call (as it was in this case) a wit-

ness who is an employee of a defendant corporation. Such a witness may be biased or have a personal interest in the result of the proceeding, or there may be other factors which tend to influence his testimony. These are factors to be considered by the jury in weighing the testimony of the witness. One calling such a witness, although precluded from impeachment, is not bound by his testimony to the extent that he cannot offer other evidence tending to refute the statements of the witness. *Switzer v. Seattle*, 159 Wash. 540, 294 Pac. 225 (1930); *Crown v. Miller*, 199 Wash. 354, 91 P. (2d) 713 (1939); *Revier v. Revier*, 48 Wn. (2d) 231, 292 P. (2d) 861 (1956).

Under the facts of this case, the jury, after weighing and considering all of the evidence, could believe all or any portion of the janitor's testimony, based upon their evaluation of his credibility. Likewise, it was for the jury to determine whether the circumstantial evidence was sufficient to overcome all or any portion of such testimony. *Pearsall v. Paltas*, 48 Wn. (2d) 78, 291 P. (2d) 414 (1955), and cases cited.

Appellant's final contention concerning the insufficiency of the evidence is that appellant's hose was not identified by respondent. Respondent's testimony in this regard is quoted above. We have held such identification to be sufficient. *State v. Elliott*, 68 Wash. 603, 123 Pac. 1089 (1912).

Our examination of the record convinces us that there was sufficient evidence to present a jury question on the issue of negligence. *Falconer v. Safeway Stores*, 49 Wn. (2d) 478, 303 P. (2d) 294 (1956).

Appellant's next assignment of error is that the court erred in failing to find, as a matter of law, that the respondent had been guilty of contributory negligence in failing to see the obvious obstruction. Respondent testified that, at the time he fell, his attention was momentarily diverted. A pedestrian is not required, in the use of a sidewalk, to keep his eyes constantly focused on the walk in front of him. *James v. Burchett*, 15 Wn. (2d) 119, 129 P. (2d) 790 (1942).

Under the facts of this case, the alleged contributory negligence of the respondent was properly submitted to the jury.

Two assignments relate to the refusal of the court to give two requested instructions. The appellant concedes that the statement of law in the requested instructions was covered in instruction No. 7, but contends that the appellant was prejudiced by the court's refusal to give special emphasis to the applicable law as set out in the two requested instructions. Where the instructions given adequately express the law on a particular subject, the refusal to give requested instructions on the same subject is not error. *Sevener v. Northwest Tractor & Equipment Corp.*, 41 Wn. (2d) 1, 247 P. (2d) 237 (1952); *Bellantonio v. Warner*, 47 Wn. (2d) 550, 288 P. (2d) 459 (1955).

Appellant assigns error to the giving of a certain portion of instruction No. 7. This portion, when not taken out of context but considered with the remaining portion of the instruction and with the other instructions given, is not prejudicial.

We find no merit in appellant's final assignment of error, which relates to the court's refusal to admit appellant's exhibit "A." The exhibit was not admissible for the purposes for which it was identified and offered. *State v. Coffey,* 8 Wn. (2d) 504, 112 P. (2d) 989 (1941).

The judgment is affirmed.

HILL, C. J., MALLERY, FINLEY, and WEAVER, JJ., concur.