[No. 17512. *En Banc.* February 7, 1923.]

Wm. T. Martin, *Appellant,* v. Wm. W. Seymour *et al.,* *Respondents.*[1]

Highways (52, 57)—Automobiles—Negligent Use—Contributory Negligence—Evidence—Sufficiency. Findings that both parties were negligent, precluding any recovery for injuries sustained in a collision of automobiles on a turn, are sustained where one was on the left side or center of the road, and the other was driving too fast or did not have his car under proper control (Main, C. J., Bridges, and Fullerton, JJ., dissenting).

Appeal from a judgment of the superior court for Pierce county, Card, J., entered April 22, 1922, dismissing an action for damages sustained through an automobile collision. Affirmed.

*Wm. H. Pratt,* for appellant.

*Stiles & Latcham,* for respondents.

Per Curiam.—This controversy grows out of a collision of the automobiles belonging to the respective parties and each is seeking damages against the other. The trial court found that both parties were negligent, and dismissed the action.

The accident occurred on August 10, 1921, upon the Olympic Highway, in Mason county. The road at this place is graveled, appellant claiming a width of fifteen feet for the traveled way, and respondent a width of twelve feet. It is conceded that there is a good deal of narrow roadway along this portion of the highway, and many curves and dangerous places render it necessary to use more than ordinary care in driving. The collision took place on a twenty-eight degree curve. There is considerable growth along the sides of the road, and for a distance, estimated from 164 to 200

[1]Reported in 212 Pac. 556.

feet, the occupants of the respective cars could not see each other. Appellant claimed that respondent was upon respondent's left-hand side of the road, and respondent admitted that he was in the middle of the road and that this was the portion of the road at that point usually traveled. It was claimed that appellant was negligent in driving too rapidly, and in failing to have his car under proper control, and in not giving any warning of his approach before reaching the curve.

In our opinion, there was sufficient testimony to sustain the findings of the trial court as to the negligence of each of the parties, and the judgment will therefore be affirmed.

FULLERTON, J. (dissenting)—There is no more flagrant or dangerous abuse of the highway laws than to drive an automobile in the middle or on the wrong side of the highway in rounding curves. The approaching automobile driver has no means by which he can protect himself against such an act. He can only crowd to the limit of the way and take the chance that the other driver will change his course. Indeed, the legislature, recognizing the danger of any other practice, has enacted it into positive law, and made it penal to violate it, that operators and drivers of automobiles shall ''keep to the extreme inside of all curves to the right and upon the extreme outside of all curves to the left.'' Rem. Comp. Stat., § 6340. When, therefore, a collision occurs on a curve, and it is shown that it occurred on one side of the highway, and is further shown that it would not have occurred had the driver on the wrong side kept to his proper course, the courts should not be over diligent in its search for reasons to excuse the driver who is guilty of this violation of the statute.

The curve at which the collision occurred in the instant case was by no means an extreme one; it was not even regarded by the highway officers as of sufficient importance to require the placing of the warning sign the law requires to be placed at dangerous curves. The appellant could, therefore, without violating any law, travel at this place at any rate of speed not exceeding the statutory speed limit, and that he was exceeding such limit no one, not even the respondent, testifies. He was, moreover, on the right-hand side of the way, and neither his speed nor his course would interfere with any one traveling in the opposite direction who was obeying the law. On the other hand, the respondent was confessedly violating the statute. According to his own admission he was driving in the middle of the road where the curve would not permit him to see any great distance ahead, and, according to the appellant, was at the extreme left of the way, so close in fact that he could not be passed, although the appellant turned from the traveled way as far as the bank on his right would permit.

In my view of the record, there was a clear case of negligence on the one side and no negligence on the other. But if it can be said that the appellant should have been driving slower, or should have sounded his horn on approaching the curve, neither of these omissions was in any sense the proximate cause of the accident. A recovery should be allowed.

MAIN, C. J., and BRIDGES, J., concur with FULLERTON, J.