[No. 33235. Department Two. September 1, 1955.]

WARNER LANGNER et al., *Respondents*, v. THOMAS MISNER et al., *Appellants*.[1]

*William F. Ingram*, for appellants.

*Victor Haglund*, for respondents.

HAMLEY, C. J.—In this automobile accident case, judgment was entered for plaintiffs in the full amount prayed for, $930.86. A cross-complaint for damages in the sum of $520 was dismissed. Defendants' appeal brings into question findings of fact and conclusions of law to the effect that negligence on the part of Thomas Misner was a proximate cause of the accident; that respondent Pauline Langner is not chargeable with contributory negligence; and that she is entitled to $450 damages by reason of personal in-

[1] Reported in 287 P. (2d) 341.

juries sustained in the accident. The amount of damages allowed for property damage ($480.86) is not challenged.

The two automobiles collided while traveling in opposite directions around a curve on a narrow gravel road. The road runs in a northerly and southerly direction. One proceeding northerly along this road travels upgrade and around a curve to the left, or west.

On the easterly side of the road at this point, there is a shoulder some four feet wide. On the westerly side, there is a dropoff, with little or no shoulder. A dense growth of brush on the westerly side, extending to the edge of the road, obscured visibility around the curve.

Pauline Langner was driving in a northwesterly direction around this curve immediately prior to the accident. She was operating her vehicle at a slow speed in the center of the road. Thomas Misner was approaching the curve from the opposite direction, his vehicle being operated entirely to his right of the geographical center of the road. He was proceeding at a speed which he estimated to be fifteen or twenty miles an hour, and which Mrs. Langner estimated to be at least forty miles an hour.

Misner testified that, due to the foliage, he did not see the other vehicle until they were about twenty or thirty feet apart. When the two cars came into view, Mrs. Langner immediately applied her brakes and brought her vehicle to a complete stop in the center of the roadway prior to the collision. Misner likewise applied his brakes, skidded a short distance, and then collided with the front end of the stationary Langner car. As the cars came to rest, Misner's vehicle was still entirely on his right side of the road.

Both drivers testified that it was impracticable for two cars to pass at the point where the collision occurred. In view of the undisputed physical evidence, however, it is apparent that they were referring to what was practicable under normal driving speeds. It was actually possible for the two cars to pass at this point. The roadway was fourteen feet wide, and the combined width of the two cars was twelve and a half feet. Moreover, even at the speed he was

assertedly driving, Misner kept his car on his right-hand side of the roadway.

The trial court entered a conclusion of law to the effect that there was no contributory negligence on the part of Mrs. Langner. Appellant argues that this was error, asserting that Mrs. Langner's conduct in operating her vehicle in the middle of the road as she rounded the curve where the accident occurred constituted contributory negligence.

Appellants cite and rely upon RCW 46.60.010 [cf. Rem. Rev. Stat., Vol. 7A, § 6360-75]. This statute requires a motor vehicle operator to drive to the right of the center of a public highway except when in the exercise of care in overtaking and passing another vehicle traveling in the same direction, or, where an obstruction exists, it is necessary to drive to the left of the center of the highway.

Two other statutes, not cited in the briefs, also have a bearing upon the question of contributory negligence. RCW 46.60.030 [cf. Rem. Supp. 1949, § 6360-76] provides that, whenever any person operating any vehicle upon any public highway shall meet or approach a vehicle traveling in the opposite direction, such person shall seasonably turn and drive such vehicle "as far to the right of the center of such highway as is practicable." RCW (Sup. 1953) 46.60.060 (cf. Laws of 1953, chapter 31, § 1), makes it unlawful to overtake and pass another vehicle upon a curve where the view is obstructed or obscured within a distance of eight hundred feet (and under certain other circumstances), and in this connection provides:

"Between the points herein designated, vehicles shall remain to the extreme right hand side of the driving portion of the roadway of the highway."

We need not decide whether, under the facts of this case, it was practicable for Mrs. Langner to drive to the right of the center of this very narrow road, as called for by the first two of the cited statutes. The third cited statute (RCW (Sup. 1953) 46.60.060), which applies whether or not it is practicable to drive to the right of the center of the roadway, required her to drive "to the extreme right hand side" of the roadway as she rounded this curve.

Mrs. Langner did not comply with this statute, and was therefore negligent. She drove down the center of the road. The right side of her car was apparently about four feet from the right edge of the roadway. Since there was a four-foot shoulder on that side, and the road surface was dry, there was no dangerous side or surface condition (as in *Van Cello v. Clark,* 157 Wash. 321, 289 Pac. 19), which excused noncompliance with a substantially similar statute. See *Martin v. Seymour,* 123 Wash. 478, 212 Pac. 556, which dealt with another substantially similar statute.

██ In our view, such negligence was a proximate cause of the accident. Regardless of the speed at which Misner may have been driving, he at all times remained on his right-hand side of the road. His speed may have contributed to her inability to get out of the way, but her principal difficulty was of her own making—driving down the center of the road.

We therefore hold that the trial court erred in determining that there was no contributory negligence on the part of Mrs. Langner. It is unnecessary to consider the remaining assignments of error.

The judgment is reversed.

MALLERY, HILL, FINLEY, and ROSELLINI, JJ., concur.